The STATE of Ohio, Appellee,

v.

THOMAS, Appellant.

[Cite as *State v. Thomas* (1996), 116 Ohio App.3d 530.]

Court of Appeals of Ohio,
Second District, Miami County.

No. 95-CA-62.

Decided Dec. 27, 1996.

*Gary Nasal*, Miami County Prosecuting Attorney, and *James Bennett*, Assistant Prosecuting Attorney, for appellee.

*Steven R. Layman*, Miami County Public Defender, for appellant.

GRADY, Judge.

This matter is before the court on the supplemental briefs of the parties, which were filed pursuant to the decision and entry herein dated June 24, 1996.

The single issue presented for our review by defendant-appellant Robert L. Thomas's assignment of error is whether the trial court erred when it accepted appellant's plea of *no contest* when the plea colloquy failed to satisfy the following requirement of Crim.R. 11(C)(2):

"In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:

" * * * *

"(c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, *to have compulsory process for obtaining witnesses in his favor*, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself." (Emphasis added.)

The colloquy in which the court engaged with appellant is as follows:

"THE COURT: Let's go over your very valuable rights you'll be giving [up] by entering a plea of no contest to the first count contained in the indictment. First of all, do you understand you have the right to a speedy public trial in this case?

"MR. THOMAS: Yes.

"THE COURT: You understand you have the right to be tried by a jury in this case?

"MR. THOMAS: Yes.

"THE COURT: Do you understand you have a right to confront your accusers and that means the people that accuse you of the crime could come into Court and sit down at the witness stand and you could see them, hear them and ask them questions. Do you understand that?

"MR. THOMAS: Yes.

"THE COURT: *And you'd have the right to present your own evidence during the trial if you wanted to do so. Do you understand that?*

"MR. THOMAS: Yes.

"THE COURT: And you'd have the right during the trial either to testify or not to testify. If you did not want to testify nobody could force you to do so. Do you understand that?

"MR. THOMAS: Yes.

"THE COURT: Finally you have the right to require the State of Ohio to prove each and every element of this rape charge beyond a reasonable doubt because that's the burden of proof in the State of Ohio and the jury or judge can't find you guilty until each and every element of that charge is proven beyond a reasonable doubt. Do you understand that?

"MR. THOMAS: Yes.

"THE COURT: Now do you understand also that by entering a no contest plea to the charge that you're giving up all these rights that you and I just discussed. We will not have a jury trial. Do you understand that?

"MR. THOMAS: Yes.

"THE COURT: Do you understand that a no contest plea is not an admission of guilt but it is an admission of the facts alleged in the indictment, the amended first cou[n]t, and after I take a brief statement from Mr. Bennett and review the sufficiency of the first count then I'll find you guilty of rape. Do you understand that?

"MR. THOMAS: Yes.

"THE COURT: Okay. Now at this time then do you still wish to withdraw your former plea of not guilty and enter a plea of no contest to the first count contained in the indictment, that of rape an aggravated felony of the first degree?

"MR. THOMAS: Yes.

"THE COURT: Okay. I'll accept your no contest plea." (Emphasis added.)

■ The plea colloquy contains no reference to the appellant's right to compulsory process or his waiver of it. The court did tell the appellant that "you'd have the right to present your own evidence during the trial if you wanted to do so." The appellant acknowledged an understanding of that right and that it was waived by his plea of no contest.

"Failure to use the exact language contained in Crim.R. 11(C), in informing a criminal defendant of his constitutional right to a trial and the constitutional rights related to such trial, including the right to trial by jury, is not grounds for vacating a plea as long as the record shows that the trial court explained these rights in a manner reasonably intelligible to that defendant." *State v. Ballard* (1981), 66 Ohio St.2d 473, 423 N.E.2d 115, paragraph two of the syllabus.

■ The state argues that the trial court satisfied the substantial compliance rule announced in *Ballard* when it told appellant that he had a right to present his own evidence at trial. We do not agree. That proposition does not reveal that the appellant would have the benefit of subpoena in obtaining his evidence for presentation. Compliance is not demonstrated, either actually or substantially, when a necessary component is omitted entirely from a Crim.R. 11 colloquy.

In our prior decision and entry we suggested that the omission might have been corrected by a written waiver containing an explanation that a plea of no contest waives the right of compulsory process. Neither party has argued that a written waiver was offered or signed, and no written waiver is contained in the trial record. Therefore, we must conclude that none exists.

■ This court once reversed a conviction for the trial court's failure to offer the defendant an opportunity to make an allocution, only to have the defendant decline the opportunity to exercise his right of allocution on remand. The possibility that a defendant will decline to exercise a right cannot, however, excuse the failure to extend it.

■ The purpose of the procedure required by Civ.R. 11(C) is to ensure that the defendant subjectively understands each of the rights concerned and that he waives it by his plea of guilty or no contest. That proposition must be demonstrated by the record. The preferred method is to use the language contained in the rule, stopping after each right and asking whether the defendant understands that right and knows that his plea waives it. *Id.* When that is not done, the record must, in some other way, affirmatively demonstrate the propositions made necessary by the rule. That demonstration is absent from this record.

We find that the trial court erred when it accepted appellant's plea of no contest. The assignment of error is sustained. The judgment of conviction and the sentence imposed on it will be reversed, and the case is remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

WOLFF and FREDERICK N. YOUNG, JJ., concur.