OPINION
Defendant, Jonathan Wolford, appeals from an order of the court of common pleas overruling his Crim.R. 32.1 motion to withdraw a plea of no contest.
On June 2, 1995, Wolford was convicted on his plea of no contest of the offense of Attempted Rape, R.C. 2907.02(A)(1)(b) and R.C. 2923.02(A). He was subsequently sentenced to serve a term of incarceration of from three to fifteen years.
On December 21, 1998, Wolford filed a motion pursuant to Crim.R. 32.1 asking the court to permit him to withdraw his no contest plea. The court overruled the motion, and Wolford appeals.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO WITHDRAW HIS NO-CONTEST PLEA, POST-SENTENCE, PURSUANT TO CRIM.R.32.1 WHEN CLEARLY A MANIFEST INJUSTICE WAS SHOWN BY THE APPELLANT.
Motions to withdraw pleas of guilty and no contest to alleged criminal offenses are governed by Crim.R.32.1, which states:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
Because Wolford's motion was filed after sentence had been imposed, he was required to demonstrate a "manifest injustice" justifying the relief he sought. Wolford pointed to the trial court's failure, before accepting his plea, to inform Wolford that his plea waived his right of compulsory process, and to determine that he understood the right and its waiver after addressing him personally. Crim.R.11(C) (2)(c).
The trial court overruled Wolford's motion, holding that any error involved in its failure to comply with Crim.R. 11(C) is barred as grounds for Crim.R. 32.1 relief by the doctrine of resjudicata, per State v. Ishmail (1981), 67 Ohio St.2d 16. InIshmail, supra, the Supreme Court held that, pursuant to the doctrine of res judicata, a Crim.R.11(C) defect which was not raised on direct appeal merges with the judgment of conviction and cannot be litigated in a post-conviction proceeding brought pursuant to R.C. 2953.21.
Under the doctrine of res judicata, a valid, final judgment rendered upon the merits bars all subsequent actions based on any claim that was the subject matter of the previous action. Gravav. Parkman Township (1995), 73 Ohio St.3d 379. The bar applies to all claims that were raised and determined in the previous action or which could have been raised or determined. Id.
R.C. 2953.21 proceedings are separate civil proceedings,State v. Milanovich (1975), 42 Ohio St.2d 46. Therefore, claims presented in R.C. 2953.21 may be barred by convictions in a prior criminal action under the res judicata doctrine. The same does not apply to a motion to withdraw a plea that is filed in the identical criminal proceeding which resulted in the conviction, as Crim.R. 32.1 motions are. Therefore, the res judicata bar does not apply.
Recently, in State v. Hartzell (Aug. 20, 1999), Montgomery App. No. 17499, we held:
 "Crim.R. 32.1 permits a court, upon motion, to set aside a defendant's conviction and permit the defendant to withdraw his or her plea of guilty or no contest after sentence has been imposed in order `to correct manifest injustice.' The manifest injustice standard demands a showing of extraordinary circumstances. State v. Smith
(1977), 49 Ohio St.2d 261. Further, the defendant has the burden to prove the existence of manifest injustice. Id.
 The term injustice is defined as `the withholding or denial of justice'. In law, the term is almost invariably applied to the act, fault, or omission of a court, as distinguished from that of an individual.' Black's Law Dictionary, 5th Ed. A "manifest injustice" comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her.
 Crim.R. 32.1 derives from the court's inherent power to vacate its own prior orders when justice so requires. In that regard, it is comparable to Civ.R. 60(B), which contemplates equitable relief from a final order subject to certain defects. In this context, it is noteworthy that Civ.R. 60(B) relief is not a substitute for appellate review of prejudicial error. Doe v. Trumbull Cty. Children's Services Bd. (1986), 28 Ohio St.3d 128. We believe that the same bar reasonably applies to Crim.R. 32.1.
 Failure to comply with the requirements of Crim.R. 11(C) when taking a plea is a defect that may be the subject of a merit appeal which supports reversal of a defendant's conviction when prejudice results. State v. Ballard (1981), 66 Ohio St.2d 473. Even when a timely appeal is not taken, a delayed appeal is available pursuant to App. R. 5(A), upon a proper showing. Therefore, a court's failure to comply with the requirements of Crim.R 11(C) is not an extraordinary circumstance demonstrating a form of manifest injustice required for Crim.R. 32.1 relief."
Id., at pp. 4-5.
Wolford did not take a merit appeal from his conviction, in which the Crim.R.11(C) defect on which he relied as grounds for his Crim.R.32.1 motion could have been raised and determined. Neither has he sought leave to file a delayed appeal presenting those grounds. Thus, and for the reasons stated in Hartzell,supra, the trial court correctly overruled Defendant-Appellant's motion, albeit on other grounds., Defendant-Appellant's first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ERRED, AND ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION TO WITHDRAW HIS NO-CONTEST PLEA WHEN A FULL AND COMPLETE HEARING PURSUANT TO CRIM.R.11 WAS NOT HAD BY THE APPELLANT AT THE ENTERING OF HIS PLEA.,
Defendant-Appellant argues that the procedure which the trial court followed is the same procedure we rejected in State v.Thomas (1996), 116 Ohio App.3d 530, for failure to comply with Crim.R. 11(C) in the same respect. He is correct. However,Thomas was an appeal on the merits of the resulting conviction. Defendant-Appellant failed to file a merit appeal from his conviction raising the issue. He may not now raise it to demonstrate a "manifest injustice" in a Crim.R.32.1 collateral attack on his conviction, as we held in overruling the preceding assignment of error., Defendant-Appellant's second assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING APPELLANT'S MOTION TO WITHDRAW HIS PLEA AFTER A SHOWING OF DENIAL OF DUE PROCESS, A MANIFEST INJUSTICE, WHEN THE TRIAL COURT ACCEPTED APPELLANT'S PLEA WITHOUT HAVING BEFORE IT THE FACTS TO SUPPORT EACH ESSENTIAL ELEMENT OF THE OFFENSE CHARGED.,
Defendant-Appellant argues that the trial court erred when it accepted his plea of no contest to the charge of Attempted Rape without first calling on the prosecutor for an "explanation of the circumstances" of the alleged offense, as R.C. 2937.07 requires. That section applies to pleas of guilty or no contest to a misdemeanor offense. Attempted Rape is a felony, not a misdemeanor. Therefore, R.C. 2937.07 has no application here.
We note from the record that when Defendant-Appellant entered his no contest plea the State represented that he had engaged in sexual conduct involving oral and vaginal sex with his step-daughter, who was then under the age of thirteen, during the times alleged in the indictment. That statement was sufficient to inform the court, and Wolford, of the basis of the offense to which he had entered his plea., Defendant-Appellant's third assignment of error is overruled.
 Conclusion
Having overruled the assignments of error presented, we will affirm the judgment from which this appeal is taken.
WOLFF, J. and YOUNG, J., concur.
Copies mailed to:
James D. Bennett, Esq.
Jonathan Wolford
Hon. Robert J. Lindeman