OPINION
Defendant, Leonard Dixon, appeals from his conviction and sentence for trafficking in crack cocaine. The Clark County Prosecutor has not filed a brief on behalf of the State of Ohio opposing Dixon's appeal.
Defendant was indicted on August 28, 2000 on two counts of trafficking in crack cocaine in an amount equal to or exceeding twenty-five grams but less than one hundred grams. R.C. 2925.03. Defendant was also indicted in count three with trafficking in crack cocaine in an amount exceeding one hundred grams. R.C. 2925.03. A major drug offender specification and a forfeiture specification involving a 1997 Ford Taurus automobile were attached to count three.
Defendant entered into a negotiated plea agreement on January 29, 2001, and pled guilty to count three, including both specifications. In exchange, the State dismissed counts one and two. The parties agreed to the mandatory minimum ten year sentence plus an additional four years on the major drug offender specification, for a total of fourteen years imprisonment. The parties also agreed to the mandatory minimum ten thousand dollar fine, forfeiture of the Ford Taurus, and restitution. The trial court accepted Defendant's guilty plea and immediately sentenced him consistent with the terms of the plea agreement.
Defendant has timely appealed to this court from his conviction and sentence.
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED TO DEFENDANT'S PREJUDICE BY FAILING TO ADDRESS DEFENDANT IN THE MANNER REQUIRED BY CRIMINAL RULE 11.
Crim.R. 11(C) governs the acceptance of guilty or no contest pleas in felony cases, and requires, in part:
 (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.
In State v. Thomas (1996), 116 Ohio App.3d 530, 534, this court observed:
 The purpose of the procedure required by Crim.R. 11(C) is to ensure that the defendant subjectively understands each of the rights concerned and that he waives it by his plea of guilty or no contest. That proposition must be demonstrated by the record. The preferred method is to use the language contained in the rule, stopping after each right and asking whether the defendant understands that right and knows that his plea waives it. Id. When that is not done, the record must, in some other way, affirmatively demonstrate the propositions made necessary by the rule.
Defendant complains that when the trial court accepted his guilty plea it failed to inform him that it could immediately proceed with judgment and sentence. See Crim.R. 11(C)(2)(b). The record of the plea proceeding demonstrates that the trial court did not personally inform Defendant of that fact in open court. However, when given an opportunity by the trial court to specifically object to immediately proceeding with the sentence in accordance with the plea agreement, Defendant had no objection, thereby waiving any error in that regard.
Defendant additionally complains because the trial court failed to inform him that by entering a guilty plea he was giving up his right to require the State to prove his guilt "beyond a reasonable doubt." See Crim.R. 11(C)(2)(c). During the plea colloquy the trial court informed Defendant of the trial-related rights he was waiving in the following manner:
 THE COURT: All right. At the trial you would have had some other rights to protect you, among those rights would be your right to a presumption of innocence, which means the State of Ohio would have to prove beyond each and every element of the offense to every member of the jury before you could be found guilty. The jury would be instructed that each count in the indictment is a separate offense and the State would have to meet their burden separately as to each count; do you understand that?
MR. DIXON: Yes, sir.
 (THE COURT): The elements of the offense in count three would be on or about the 12th day of June, 2000 in Clark County, Ohio, you did knowingly sell or offer to sell the scheduled two substance crack cocaine in an amount exceeding one hundred grams, that would be the trafficking charge. The State would have the burden to prove further the elements that you are a major drug offender; do you understand that?
MR. DIXON: Yes, sir.
 THE COURT: It would be a separate determination for the jury to make. The State would have to prove further the specification that the Ford Taurus was used in a manner to commit or facilitate the commission of the felony drug offense before the Ford Taurus could be subject to forfeiture; do you understand that, sir?
MR. DIXON: Yes, sir.
(T. 20-21, emphasis supplied.)
In State v. Thomas, supra, we noted:
 "Failure to use the exact language contained in Crim.R. 11(C), in informing a criminal defendant of his constitutional right to a trial and the constitutional rights related to such trial, including the right to trial by jury, is not grounds for vacating a plea as long as the record shows that the trial court explained these rights in a manner reasonably intelligible to that defendant." State v. Ballard (1981), 66 Ohio St.2d 473, 423 N.E.2d 115, paragraph two of the syllabus.
Id., at 533.
The guilty plea and waiver of rights form that Defendant signed and said he understood contained this language:
 I understand by pleading guilty I give up my right to a jury trial or court trial, where I could confront and have my attorney question witnesses against me, and where I could use the power of the court to call witnesses to testify for me. I know at trial I would not have to take the witness stand and could not be forced to testify against myself and that no one could comment if I chose not to testify. I understand I waive my right to have the prosecutor prove my guilt beyond a reasonable doubt on every element of each charge. (Emphasis supplied).
A written acknowledgment of a guilty plea and a waiver of trial rights executed by an accused can, in some circumstances, reconcile ambiguities in the oral colloquy that Crim.R. 11(C) prescribes. However, the writing does not substitute for an oral exchange when it is wholly omitted. Crim.R. 11(C) requires that form of exchange to insure that the defendant makes a voluntary and intelligent decision whether to plead guilty. On appellate review, "the focus . . . is whether the record shows that the trial court referred to the right in a manner reasonably intelligible to that defendant." State v. Ballard (1981), 66 Ohio St.2d 473, paragraph two of the syllabus.
The State's burden of proof, which is to prove an accused's guilt beyond a reasonable doubt, has been described as the "golden thread" that runs through the fabric of our system of justice. There is nothing in the court's oral colloquy with Defendant Dixon which contains a reference to the State's particular burden of proof or, more importantly, which demonstrates that Defendant Dixon understood that he was waiving the rights and benefits an accused derives from that burden of proof when he entered his guilty plea. Therefore, we cannot find that the court complied with the requirements of Crim.R. 11(C) in that respect. Absent that finding, the plea is not knowing and voluntary.
The first assignment of error is sustained.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE BY FAILING TO ADVISE DEFENDANT AS TO POSSIBLE DEPORTATION.
Defendant argues that his guilty plea should be vacated because the trial court failed to advise him, as required by R.C. 2943.031, that his conviction could result in deportation.
In disposing of this same claim in State v. McDargh (Nov. 2, 2001), Clark App. No. 2000-CA-94, unreported, this court observed:
 R.C. 2943.031(A) requires that, prior to accepting a plea of guilty or no contest to a felony, the trial court must read to him an advisement regarding the potential deportation of the defendant if he is not a citizen of the United States. The statute also sets forth circumstances under which the trial court need not give the advisement. R.C. 2943.031(B). The statute also provides a remedy:
 (D) Upon motion of the defendant, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty or no contest and enter a plea of not guilty or not guilty by reason of insanity, if, after the effective date of this section, the court fails to provide the defendant the advisement described in division (A) of this section, the advisement is required by that division, and the defendant shows that he is not a citizen of the United States and that the conviction of the offense to which he pleaded guilty or no contest may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.
This Court and other courts of appeals have held that, if a trial court fails to give the prescribed advice regarding deportation the defendant's remedy is to file a motion pursuant to R.C. 2943.031(D) rather than to assign error in that respect on an appeal from his conviction. State v. Thompson (March 31, 1991), Greene App. No. 90-CA-90, unreported; State v. Scanlon (June 29, 1998), Licking App. No. 95-CA-134, unreported; State v. Reeder (April 14, 1994), Cuyahoga App. No. 65782, unreported; State v. Abuhilwa (March 29, 1995), Summit App. No. 16787, unreported; State v. Esqueda (September 30, 1996), Franklin App. No. 96APA01-118, unreported.
The second assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR THE TRIAL COURT ERRED TO DEFENDANT'S PREJUDICE BY FAILING TO MAKE THE FINDINGS REQUIRED BY REVISED CODE 2929.14(D)(3)(b).
In order to impose upon a major drug offender an additional prison term of one to ten years, over and above the mandatory ten year prison term required by R.C. 2929.14(D)(3)(a), the trial court must make both findings set forth in R.C. 2929.14(D)(2)(b)(i) and (ii). In that regard R.C. 2929.14(D)(3)(b) provides:
 The court imposing a prison term on an offender under division (D)(3)(a) of this section may impose an additional prison term of one, two, three, four, five, six, seven, eight, nine, or ten years, if the court, with respect to the term imposed under division (D)(3)(a) of this section and, if applicable, divisions (D)(1) and (2) of this section, makes both of the findings set forth in divisions (D)(2)(b)(i) and (ii) of this section.
R.C. 2929.14(D)(2)(b)(i) and (ii) provide:
 (i) The terms so imposed are inadequate to punish the offender and protect the public from future crime, because the applicable factors under section 2929.12
of the Revised Code indicating a greater likelihood of recidivism outweigh the applicable factors under that section indicating a lesser likelihood of recidivism.
 (ii) The terms so imposed are demeaning to the seriousness of the offense, because one or more of the factors under section 2929.12 of the Revised Code indicating that the offender's conduct is more serious than conduct normally constituting the offense are present, and they outweigh the applicable factors under that section indicating that the offender's conduct is less serious than conduct normally constituting the offense.
Defendant argues that the trial court failed to make either of the above required findings. That assertion is incorrect. In its judgment entry of conviction, the trial court stated:
 The Court finds for the reasons stated on the record pursuant to Revised Code Section 2929.14(C) that the defendant has committed the worst form of the offense and the defendant poses the greatest likelihood of recidivism.
 The Court finds that the defendant is a major drug offender 2929.14(D)(3).
 The Court also finds that a maximum basic prison term is inadequate to protect the public because one or more applicable factors under Revised Code Section 2929.12 indicating a defendant is more likely to commit future crime outweigh any applicable factors indicating that a defendant is less likely to commit future crimes.
 The Court also finds that the maximum basic prison term is demeaning to the seriousness of the offense because one or more factors under Revised Code Section 2929.12 that increase the seriousness of the offense outweigh any applicable factors indicating that the offense is less serious.
 The Court therefore ORDERS an additional term of four (4) years beyond the maximum basic prison term pursuant to Revised Code Section 2929.14(D)(2)(b).
The trial court did not find that the basic prison terms "are inadequate to punish the offender and protect the public from future crime." Neither did the court find that the statutory factors which indicate a greater likelihood of recidivism outweigh those indicating a lesser likelihood in the case of this defendant. However, the court did find that "the defendant poses the greatest likelihood of recidivism." The greater likelihood then must necessarily outweigh any lesser. Further, because the finding concerning adequacy of the prescribed punishment is a resulting consequence of the recidivism finding, the court implicitly made both findings in that respect it was required to make, and thus complied substantially with the statutory mandate.
The court's findings concerning the seriousness of Defendant's offense are closer to the mark as the court expressed them. The court didn't expressly find that one or more of the "more serious" factors are present. However, that finding is implied by the court's further finding that the factors "that increase the seriousness of the offense" outweigh those which indicate that the offense is less serious. Unless the court found that the serious factors were present, the court could not have performed the weighing involved.
The array of various findings the trial courts are required to make by the sentencing provisions of Am.S.B. 2 differ with the degree of the offense or offenses involved. They have created a snare for the trial courts, as well as ripe opportunities for appeal on account of deviations from the particular cause and effect rationales involved. Therefore, we necessarily apply a liberal rule of substantial compliance in determining whether error has occurred because of some deviation in applying the statutory tests. We find no error in this instance.
The third assignment of error is overruled.
 FOURTH ASSIGNMENT OF ERROR THE TRIAL COURT ERRED TO DEFENDANT'S PREJUDICE BY FAILING TO MAKE THE DETERMINATION AS REQUIRED BY REVISED CODE 2929.14(K).
R.C. 2929.14(K) directs a sentencing court to determine whether a defendant is eligible for placement in the shock incarceration program and to either approve or disapprove that placement. The statute also indicates that if the trial court fails to make any assessment and recommendation, "the Department of Rehabilitation and Correction shall screen the offender and determine if there is an available program of shock incarceration or an intensive program prison for which the offender is suited." See also Ohio Administrative Code 5120-11-03(B).
Where, as here, the trial court fails to make any determination as to eligibility for shock incarceration at the time of sentencing, the defendant will be screened for eligibility by the Department of Rehabilitation and Correction after arriving at the prison. Thus, the failure of the trial court to screen Defendant in this case did not prejudice him and constitutes harmless error. State v. McDargh, supra. In any event, Defendant is not eligible for shock incarceration. See R.C.5120.032(B)(2).
The fourth assignment of error is overruled.
 FIFTH ASSIGNMENT OF ERROR THE TRIAL COURT ERRED TO DEFENDANT'S PREJUDICE BY FAILING TO INQUIRE OF DEFENDANT AS REQUIRED BY REVISED CODE 2929.19(B)(3).
Defendant complains that the trial court did not comply with R.C.2929.19(B)(3) at the time of sentencing. That section provides:
 [I]f the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:
(a) Impose a stated prison term;
* * *
 (f) Require that the offender not ingest or be injected with a drug of abuse and submit to random drug testing as provided in section 341.26, 753.33, or 5120.63 of the Revised Code, whichever is applicable to the offender who is serving a prison term, and require that the results of the drug test administered under any of those sections indicate that the offender did not ingest or was not injected with a drug of abuse.
In State v. McDargh, supra, we disposed of this same claim in the following manner:
 Appellant does not indicate how he was prejudiced by the trial court's failure to comply with the requirements of R.C. 2929.19(B)(3)(f).
 R.C. 5120.63(B) requires that the Ohio Department of Rehabilitation and Corrections establish and administer a statewide random drug testing program in state correctional institutions. Nothing in R.C. 2929.19(B)(3)(f) requires the trial court to notify the defendant that he may be subjected to random drug testing while the defendant is incarcerated.
The same rationale applies here. The requirements which R.C.2929.19(B)(f) imposes were intended to facilitate drug testing of prisoners in state institutions by discouraging a defendant who is sentenced to a prison term from using drugs. If a defendant at that point is incarcerated, as almost all defendants are, the utility of this admonition is elusive, at best. However, the General Assembly has come to favor such prescriptions imposed by statute on the judicial branch, and the courts of this state are instructed to give them the utmost deference whether they are sensible or not. Even so, in this particular instance the court's failure to comply with the statutory requirement is harmless error because Defendant Dixon suffered no prejudice to his rights as a result.
Defendant further complains that the trial court failed to consider his present or future ability to pay when it imposed a fine in this case. In that regard, R.C. 2929.19(B)(6) provides:
 Before imposing a financial sanction under section 2929.18 of the Revised Code or a fine under section 2929.25 of the Revised Code, the court shall consider the offender's present and future ability to pay the amount of the sanction or fine.
Defendant was convicted of a felony of the first degree. R.C.2925.03(C)(4)(g).
The maximum fine which may be imposed for a first degree felony is twenty thousand dollars. R.C. 2929.18(A)(3)(a). More importantly, a mandatory minimum fine of ten thousand dollars was required in this case. In that regard R.C. 2929.18(B)(1) provides:
 For a first, second, or third degree felony violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code, the sentencing court shall impose upon the offender a mandatory fine of at least one-half of, but not more than, the maximum statutory fine amount authorized for the level of the offense pursuant to division (A)(3) of this section. If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender.
When it applies, the mandatory fine provision of R.C. 2929.18(B)(1) emasculates the requirement in R.C. 2929.19(B)(6) that the court consider the offender's ability to pay the fine before imposing it. Arguably, the exercise might yet apply if the defendant files the affidavit of indigency that R.C. 2929.18(B)(1) prescribes. The utility of that affidavit is unclear when a defendant has previously been declared indigent in connection with appointment of counsel upon his execution of an affidavit of indigency, which is required for reimbursement by the state of legal fees a local government pays. Nevertheless, R.C.2929.18(B)(1) requires another affidavit to avoid the mandatory fine.
The record before us fails to demonstrate that Defendant filed an affidavit with the trial court prior to sentencing which alleged that he is indigent and unable to pay the mandatory fine. Thus, Defendant failed to comply with the statutory procedure set forth in R.C. 2929.18(B)(1) for avoiding mandatory fines, and the trial court could not avoid imposing the mandatory minimum fine in this case. State v. Gipson (1998), 80 Ohio St.3d 626. The trial court did not err in imposing the required minimum fine, therefore. However, counsel may yet file the affidavit that R.C. 2929.18(B)(1) prescribes in proceedings upon remand of this case to the court of common pleas.
The fifth assignment of error is overruled.
 Conclusion
Having sustained the first assignment of error, the Defendant's sentence and conviction will be vacated and the case remanded for further proceedings.
FAIN, J. and YOUNG, J. concur.