OPINION
{¶ 1} On April 21, 2006, Deputy Thomas Feehan of the Montgomery County Sheriffs Office was on bike patrol in Harrison Township, an area known for its problems with drugs and prostitution. At approximately 3:17 a.m. Feehan observed appellant exit an apartment complex within his patrol area. Upon exiting Feehan *Page 2 
overheard appellant state that she would be back later "to score some rock from Shorty." This comment lead the officer to believe that appellant was in the area to purchase crack cocaine. Feehan then approached appellant from behind, informed her that he was a police officer and asked if she had any drugs on her person. Appellant answered affirmatively and handed Feehan a plastic baggie that contained marijuana, within which was another baggie containing crack cocaine. Feehan immediately recognized the substance as crack cocaine and proceeded to place appellant under arrest.
 {¶ 2} Appellant subsequently filed a motion to suppress the drugs seized. In the motion she argued that the officer had violated her Fourth Amendment rights by making an invalid investigatory stop. On January 4, 2007, a hearing was held and the trial court, in overruling appellant's motion, found that a simple inquiry into criminal activity took place, not a search. Appellant then entered a plea of no contest to the charge of possession of crack cocaine, less than one gram, a felony of the fifth degree. On February 15, 2007, appellant was sentenced to six months incarceration in the Ohio Reformatory for Women. It is from the trial court's decision on the motion to suppress and her subsequent plea that this appeal arises.
 I {¶ 3} Appellant's First Assignment of Error is as follows:
 {¶ 4} "THE TRIAL COURT ERRONEOUSLY OVERRULED APPELLANT'S MOTION TO SUPPRESS EVIDENCE SINCE POLICE LACKED A PARTICULARIZED AND OBJECTIVE BASIS FOR THE STOP FROM WHICH THE CONTRABAND WAS SEIZED." *Page 3 
 {¶ 5} The investigative stop exception to the Fourth Amendment allows a police officer to stop and briefly detain an individual if the officer possesses a reasonable suspicion, based upon specific and articulable facts, that criminal activity "may be afoot." United States v.Arivizu (2002), 534 U.S. 266, 122 S.Ct. 744. (Emphasis added.) Courts must examine the totality of the circumstances of each case to determine whether the detaining officer has a "particularized and objective basis" for suspecting legal wrongdoing. Id.
 {¶ 6} This totality of the circumstances approach allows police officers to draw upon their own experience when deciding whether the requisite reasonable suspicion is present. Id. at 273-74. For this reason, when a court reviews an officer's reasonable suspicion determination, it must give "due weight" to factual inferences drawn by law enforcement officers. Id. An officer's reliance on a mere "hunch" is insufficient to justify a stop, however, the likelihood of criminal activity need not rise to the level required for probable cause, and it falls short of satisfying a preponderance of the evidence standard. Id.
 {¶ 7} Appellant argues that Feehan did not have the requisite reasonable suspicion prior to approaching and inquiring into whether she had any drugs. In support of this argument appellant contends that it is doubtful Feehan ever heard the statement he claims lead to his belief that appellant was there to purchase crack cocaine because he was some thirty to forty feet away when it was made. Additionally, appellant asserts that even if the officer heard the statement, it only gave rise to a reasonable suspicion that wrongdoing may occur later when and if she came back to "score some rock." Thus, appellant's position is that Feehan would *Page 4 
have had a justifiable basis for making an investigative stop at that later time. Finally, appellant feels a lack of reasonable suspicion is apparent by Feehan's testimony that he did not know appellant to be on any trespass list, did not feel threatened and at no time witnessed any furtive movements on her part. For these reasons, appellant asserts that Feehan made an invalid investigatory stop.
 {¶ 8} We find that Feehan had a particularized and objective basis for suspecting legal wrongdoing. He testified that he had been an officer for more than thirteen years at the time of the incident and based on this experience appellant's statement lead him to believe she was participating in drug activity. His patrol area was known for problems with drugs and prostitution. When viewing the totality of the circumstances, he was acting on more than a hunch that criminal activity was afoot. He had a reasonable suspicion based on specific and articulable facts that the appellant may have been participating in criminal activity. The fact that appellant stated she would be back later to buy drugs does not totally eliminate the possibility of illegal drug activity at the time Feehan approached her. We find that the officer had a reasonable suspicion that appellant may have been participating in criminal activity, thus, he made a valid investigatory stop. Therefore, the trial court did not err in overruling appellant's motion to suppress.
 {¶ 9} For the foregoing reasons, appellant's first assignment of error is overruled.
 II {¶ 10} Appellant's Second Assignment of Error is as follows: *Page 5 
 {¶ 11} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ACCEPTING A PLEA OF `NO CONTEST THAT WAS NOT KNOWINGLY AND FREELY GIVEN IN VIOLATION OF RULE 11(C)(2)(a) OF THE OHIO RULES OF CRIMINAL PROCEDURE."
 {¶ 12} Crim. R. 11 (C)(2) states in pertinent part:
 {¶ 13} "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 14} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 15} "(b) informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 16} "(c) Informing the defendant of and determining that the defendant understands that by the plea the defendant is waiving the rights to a jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 17} Crim. R. 11(C) serves to protect a criminal defendant's substantive *Page 6 
constitutional rights when he or she pleads guilty or no contest in a felony case. State v. Martin (June 23, 1993), 2nd Dist. No. 2842,1993 WL 224633. A reviewing court must determine that the defendant understood he or she was waiving specific constitutional rights, as well as the likely consequences of the plea. State v. Nero (1990),56 Ohio St.3d 106, 108, 564 N.E.2d 474, 476. Furthermore, the defendant who challenges the validity of a no contest plea on the grounds that it was not knowingly, voluntarily or intelligently made, bears the burden of demonstrating prejudice. Id. The test is whether the plea would have otherwise been made. Id.
 {¶ 18} The preferred method of compliance with Crim. R. 11(C) is to stop after each right and inquire into whether the defendant understands that right and that his plea waives it. State v. Thomas (1996),116 Ohio App.3d 530, 534, 688 N.E.2d 602, 604. However, other methods may be used so long as the record, in some other way, affirmatively demonstrates the propositions made necessary by Crim. R. 11(C). Id.
 {¶ 19} Appellant asserts that her plea of no contest was not knowingly and freely entered. Specifically, she contends that she did not understand the consequences of the plea because the trial court read the rights collectively without consulting her after each right.
 {¶ 20} In accepting the plea the trial court stated:
 {¶ 21} "Finally, you should understand that by making this plea, you automatically lose your right to a jury trial, the right to have the case proved against you by proof beyond a reasonable doubt, the right to confront witnesses who accuse you of the offense in open court, the right to subpoena witnesses to come and testify *Page 7 
in your favor at trial and the privilege against self-incrimination, meaning the right to remain silent about the charge. Do you understand?"
 {¶ 22} Appellant does not dispute that the trial court complied with the substantive requirements of Crim. R. 11(C). Although the preferred method of compliance may be to inquire after each right into the defendant's understanding of that right and that the plea waives it, as we previously stated, this is not a requirement. Appellant has failed to meet her burden of showing that the plea would not have been entered had the trial court conferred with her after each right. Therefore, the trial court did not err in accepting appellant's plea because it was entered knowingly and freely.
 {¶ 23} For the foregoing reasons, appellant's second assignment of error is overruled.
 III {¶ 24} Appellant's first and second assignments of error having been overruled, the judgment of the trial court is affirmed.
BROGAN, J., and DONOVAN, J., concur.
(Hon. Anthony Valen, retired from the Twelfth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio)
Copies mailed to:
Mathias H. Heck, Jr.
 Mark J. Keller *Page 8 
J. Allen Wilmes
 Hon. Mary L. Wiseman *Page 1