[Cite as *State v. Eggers*, 2012-Ohio-2967.]

### IN THE COURT OF APPEALS OF CLARK COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 11CA0048 |
| vs. | : | T.C. CASE NO. 11CR40 |
| ADAM EGGERS | : | |
| Defendant-Appellant | : | |

· · · · · · · · ·

### DECISION AND ENTRY

**Rendered on the 29th day of June, 2012.**

· · · · · · · · ·

**PER CURIAM:**

{¶ 1} On May 16, 2010, Defendant Adam Eggers fired four shots into a residence located at 926 Southfield Avenue in Springfield, Ohio, with the intention of killing Dustin Bryant. One of the shots went through a wall and instead struck Julie Snyder, killing her instantly.

{¶ 2} Defendant was indicted on one count of aggravated murder, R.C. 2903.01(A), with a firearm specification, two counts of felony murder, R.C. 2903.02(B), each with a firearm specification, one count of felonious assault, R.C. 2903.11(A)(2), with a firearm specification, one count of improperly discharging a firearm at or into a habitation, R.C. 2923.161(A)(1), and one count of improper handling of firearms in a motor vehicle, R.C.

2923.16(B).

{¶ 3} On June 9, 2011, pursuant to a negotiated plea agreement, Defendant entered a plea of guilty to felony murder as charged in count three, causing the death of another as a proximate result of improperly discharging a firearm at or into a habitation. R.C. 2903.02(B), 2923.161(A)(1). In exchange for Defendant's guilty plea, the State dismissed the firearm specification attached to count three and the remaining charges and specifications.

{¶ 4} The parties agreed that Defendant's sentence would be fifteen years to life. Immediately after accepting his guilty plea on June 9, 2011, the trial court sentenced Defendant to life imprisonment with parole eligibility after fifteen years. [Dkt. 23]. On June 20, 2011, Defendant filed a Crim.R. 32.1 motion to withdraw his guilty plea, claiming that he was coerced into pleading guilty by his counsel. [Dkt. 26]. On July 11, 2011, Defendant filed a notice of appeal from his conviction and sentence. [Dkt. 28]. The trial court overruled Defendant's motion without a hearing, on August 2, 2011.

{¶ 5} Defendant timely appealed to this court from his conviction and sentence. Defendant's appellate counsel filed an *Anders* brief, *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 19 L.Ed.2d 493 (1967), stating that he could find no meritorious issues for appellate review, but suggesting two potential issues for review. We notified Defendant of his appellate counsel's representations and afforded him time to file a pro se brief. Defendant filed a pro se brief raising three issues for review, which involve the same matters his appellate counsel assigned as potential error. Accordingly, this matter is now before us for our review of the issues raised in Defendant's pro se merit brief and our independent review of the record with respect to appellate counsel's *Anders* brief. *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).

{¶ 6} "THE APPELLANT DID NOT ENTER HIS PLEA KNOWINGLY, INTELLIGENTLY OR VOLUNTARILY."

{¶ 7} Defendant presents two arguments in support of the error he assigns. First, Defendant contends that he was coerced by his attorney to accept the State's plea bargain offer and to enter a guilty plea. That contention presents an ineffective assistance of counsel claim. However, the matters to which Defendant refers are not a part of the record of the trial court's proceedings. In that event, Defendant's avenue of relief for that claim and the grounds on which it relies must be presented by way of an R.C. 2941.23 petition for post-conviction relief. *State v. Cooperrider*, 4 Ohio St.3d 226, 446 N.E. 2d 452 (1983).

{¶ 8} Second, Defendant argues that the court's Crim.R. 11 plea colloquy was flawed. Crim.R. 11(C)(2)(c) provides that the court may not accept a plea of guilty or no contest "without first addressing the defendant personally and . . .[i]nforming the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at trial at which the defendant cannot be compelled to testify against himself or herself." A guilty plea is constitutionally infirm when the defendant is not informed in a reasonable manner that his plea waives those rights. *State v. Ballard*, 66 Ohio St.2d 473, 423 N.E. 2d 115 (1981).

{¶ 9} The transcript of the court's plea proceeding contains the following colloquy between the court and defendant, at pp. 8-10:

THE COURT: And do you understand that you do have the right to a trial in this case?

THE DEFENDANT: Yes, Your Honor.

THE COURT: At that trial you would have the right to require the State to prove beyond a reasonable doubt each and every element of the offense to which you are pleading guilty, and you could only be convicted upon the unanimous verdict of a jury.

You would have the right to confront witnesses who would testify against you, and your attorney could cross-examine those witnesses. You would have the right to use the Court's subpoena power to compel the attendance of witnesses on your behalf, and you would also have the right to testify, but you could not be forced to do so. Do you understand all of these rights?

THE DEFENDANT: Yes, Your Honor.

THE COURT: By pleading guilty you would be giving up or waiving all of these rights that we have gone over. <u>Understanding that at this time how did you wish to plead to the offense of murder in Count Three of the indictment</u>?

THE DEFENDANT: I'm sorry. Can you say that again?

THE COURT: Sure. I just want to make sure that you do understand that upon entering a guilty plea in this case you would be waiving or giving up all of those rights that we have gone over, the trial rights that you would have.

The right to a trial, the right to the State proving their case beyond a reasonable doubt, the right whereby you could only be convicted upon the unanimous verdict of a jury, the right to confront witnesses who would testify

against you, the right to have your attorney cross-examine those witnesses, the right to use the Court's subpoena power to compel the attendance of witnesses who would testify against you and also the right to testify if you choose to do so but you could not be forced to do so. By pleading guilty you would be giving up or waiving those rights. <u>Understanding that, how did you wish to plead to the offense of felony murder in Count Three of the indictment?</u>

THE DEFENDANT: Guilty, Your Honor.

THE COURT: The Court finds that the defendant has knowingly, voluntarily, and intelligently waived his rights and entered a plea of guilty to that offense, and based upon that plea I find him guilty of that offense. (Emphasis supplied.)

{¶ 10} In *State v. Thomas,* 116 Ohio App.3d 530, 534, 688 N.E.2d 602 (2d Dist. 1996), we wrote:

The purpose of the procedure required by Civ.R. 11(C) is to ensure that the defendant subjectively understands each of the rights concerned and that he waives it by his plea of guilty or no contest. That proposition must be demonstrated by the record. The preferred method is to use the language contained in the rule, stopping after each right and asking whether the defendant understands that right and knows that his plea waives it. *Id.*[1] When that is not done, the record must, in some other way, affirmatively demonstrate the propositions made necessary by the rule.

{¶ 11} The court explained Defendant's right to trial and related rights, and Defendant

---

[1] Citing *State v. Ballard.*

acknowledged his understanding of those rights. The court further explained that by pleading guilty, Defendant would be waiving those rights. Without asking Defendant whether he understood that fact, the court then asked Defendant: "Understanding that, how do you wish to plead to the offense of felony murder in Count Three of the indictment?" Defendant responded, "Guilty, your honor."

{¶ 12} Defendant complains that the court's question assumed Defendant's understanding that his plea would waive the trial rights the court had explained. The meaning of the question appears to have eluded Defendant when it was first asked, and Defendant replied: "I'm sorry. Can you say that again?" The court repeated the question, to which Defendant responded, "Guilty, Your Honor."

{¶ 13} The preferred method of questioning we explained in *Thomas* would have avoided the error Defendant assigns in this respect. We cannot say that failure to follow the preferred method necessarily was error. However, our inquiry for purposes of *Anders* is whether the error assigned is frivolous. That finding is necessary in order to relieve Defendant's counsel of his appointment and affirm the judgment of conviction from which this appeal was taken. We cannot find the assigned error is frivolous. Therefore, different counsel will be appointed to represent Defendant in his appeal.

SECOND ASSIGNMENT OF ERROR

{¶ 14} "THE TRIAL COURT ERRED WHEN IT DID NOT CONDUCT A HEARING ON THE APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA, DUE TO APPELLANT'S INEFFECTIVE AND INCOMPETENT COERCIVE ATTORNEY."

THIRD ASSIGNMENT OF ERROR

{¶ 15} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA WITHOUT HOLDING A HEARING, DUE TO THE APPELLANT THROUGH SENTENCING AND AFTER, ASSERTING HIS ACTUAL INNOCENSE."

{¶ 16} App.R. 3(D) provides that a "notice of appeal . . . shall designate the judgment, order, or part thereof appealed from." The notice of appeal that Defendant filed on July 11, 2011, designates "the Judgment Entry of Conviction and Sentence entered in this action on June 9, 2011 and June 13, 2011 (Plea of Guilty) attached" as the final judgments from which this appeal was taken.

{¶ 17} The court accepted Defendant's guilty plea on June 9, 2011, and then pronounced his conviction and sentence. That was not a final judgment of conviction because it was not journalized in written form. Crim.R. 32(C). The only final judgment was the court's written June 13, 2011 Judgment of Conviction, which was journalized on that date. [Dkt. 23].

{¶ 18} Defendant's motion to withdraw his guilty plea was filed on June 20, 2011, and had not been ruled on when Defendant's notice of appeal from his conviction and sentence was filed on July 11, 2011. The record does not demonstrate the court's ruling on that motion. If there was a ruling, it is not encompassed by the notice of appeal Defendant filed on July 11, 2011, which limits the issues presented in this appeal. We therefore lack jurisdiction to decide Defendant's second and third assignments of error, which are for that reason frivolous for *Anders* purposes.

## Conclusion

{¶ 19} Having found that Defendant's first assignment of error is not frivolous, we

will appoint different counsel to argue the error assigned, as well as any other error counsel deems meritorious.

_____
**THOMAS J. GRADY, PRESIDING JUDGE**

_____
**MARY E. DONOVAN, JUDGE**

_____
**MICHAEL T. HALL, JUDGE**

Copies mailed to:

Lisa M. Fannin
Asst. Pros. Attorney
50 E. Columbia Street, 4th Flr.
P.O. Box 1608
Springfield, OH 45501

William Cass, Esq.
135 West Dorothy Lane, Suite 209
Dayton, OH 45429

Adam Eggers, #610-525
Lebanon Correctional Institute
P.O. Box 56
Lebanon, OH 45036

Hon. Douglas M. Rastatter
101 N. Limestone Street
Springfield, OH 45502