[Cite as *State v. Long*, 2016-Ohio-837.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 2015-CA-64 |
| | : | |
| v. | : | T.C. NO. 15CR125 |
| | : | |
| JOHN W. LONG | : | (Criminal appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___4th___ day of _____March_____, 2016.

. . . . . . . . . .

RYAN A. SAUNDERS, Atty, Reg. No. 0091678, Assistant Prosecuting Attorney, 50 E. Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

JEFFREY R. McQUISTON, Atty. Reg. No. 0027605, 130 W. Second Street, Suite 1818, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, P.J.

{¶ 1} Defendant-Appellant, John W. Long, pled guilty to two counts of aggravated robbery and one count of failure to comply with order or signal of a police officer. In an issue that is dispositive of this appeal, he argues that the trial court violated Crim.R. 11(C)(2)(c) by failing to inform him during the plea colloquy that he had the right to compulsory process and to have the court issue subpoenas to require witnesses to come

forth and testify on his behalf.

{¶ 2} The State has filed a notice of conceded error, pursuant to Loc.R. 2.24 of this court. We agree with the State that the trial court erred in failing to advise Long of his right to compulsory process during the plea colloquy. Accordingly, the judgment of the trial court will be reversed and the case will be remanded for further proceedings.

## I.  Facts and Course of Proceedings

{¶ 3} On March 9, 2015, Long was indicted for five counts of aggravated robbery, one count of having a weapon under disability, one count of kidnapping, one count of failure to comply with order or signal of a police officer, one count of improperly handling a firearm in a motor vehicle, and one count of tampering with physical evidence. At his arraignment Long pled not guilty to all counts.

{¶ 4} On May 18, 2015 at a change of plea hearing, Long pled guilty to two counts of aggravated robbery and one count of failure to comply with order or signal of a police officer. The remaining counts were dismissed. Long signed a written "Plea Agreement" waiving his rights to a trial, right to confront witnesses, right to call witnesses on his behalf, right against self-incrimination, and the right to be proven guilty beyond a reasonable doubt.

{¶ 5} During the plea colloquy, the court advised Long of his right to a jury trial, his right to a unanimous verdict at a jury trial, his right to confront witnesses against him and to have his attorney cross-examine the witnesses to test their credibility, and his right against self-incrimination. However, the court did not advise Long of his right to compulsory process and to have the court issue subpoenas to require witnesses to come forth and testify on his behalf. The court subsequently accepted his guilty plea.

## II.    Crim.R. 11(C)(2)(c)

{¶ 6} Long's sole assignment of error states that:

The trial court erred in accepting the Defendant's guilty pleas to two counts of Aggravated Robbery and one count of Failure To Comply With Order Or Signal Of A Police Officer in that the trial court failed to strictly comply with all parts of Crim. R. 11(C)(2)(c) in that the trial court failed to inform the defendant of his right to compulsory process.

{¶ 7} Under this assignment of error, Long contends that the trial court's acceptance of his guilty plea was in violation of Crim.R. 11, based on the Ohio Supreme Court's decision in *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621.

{¶ 8} Pursuant to Crim.R. 11(C)(2), the court, in felony cases, shall not accept a guilty plea without addressing the defendant personally and doing all of the following:

Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Crim.R. 11(C)(2)(c).

{¶ 9} The Ohio Supreme Court in *State v. Veney* found "that trial courts must strictly comply with all parts of Crim.R. 11(C)(2)(c) in conducting plea colloquies and that a trial court's failure to inform a defendant of any right in that subsection invalidates the

plea." *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 1. However, although Long signed a "Plea Agreement" which specifically stated the effect of his guilty plea "the writing does not substitute for an oral exchange when it is wholly omitted." *State v. Dixon*, 2d Dist. Clark No. 01CA17, 2001 WL 1657836, *3 (Dec. 28, 2001). *See State v. Young*, 11th Dist. Trumbull No. 2009-T-0130, 2011-Ohio-4018, ("after *Veney*, it is clear that obtaining a signed written waiver is insufficient when the trial court completely omits an explanation of a constitutional right"*); see also State v. Thomas*, 116 Ohio App.3d 530, 688 N.E.2d 602 (2d Dist. 1996) (holding a court's failure to advise the defendant of their right to subpoena witnesses and that the plea waives the right to compulsory process invalidates a plea).

{¶ 10} In responding to the assignment of error, the State has filed a notice of conceded error, pursuant to Loc.R. 2.24 of this court.

{¶ 11} Accordingly, Long's sole assignment of error is sustained.


III.   Conclusion

{¶ 12} Long's sole assignment of error having been sustained, the judgment of the trial court is reversed, and this case is remanded for further proceedings consistent with this opinion.

. . . . . . . . . .

FAIN, J. and WELBAUM, J., concur.

Copies mailed to:

Ryan A. Saudners
Jeffrey R. McQuiston
Hon. Richard J. O'Neill