JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Cornell Sherman ("appellant") appeals from the sentence imposed upon him by the Cuyahoga County Court of Common Pleas. For the reasons stated below, we affirm.
 {¶ 2} On January 16, 2003, appellant was indicted for involuntary manslaughter, two counts of aggravated murder with a felony specification, murder, aggravated burglary, two counts of felonious assault, and kidnapping. On August 25, 2003, appellant withdrew his initial plea of not guilty and pled guilty to one count of involuntary manslaughter and aggravated burglary, both first-degree felonies. The remaining counts were nolled. The state and appellant reached an agreement whereby appellant agreed to a sentence of ten years for involuntary manslaughter and ten years for aggravated burglary, to be run consecutively, in return for the remaining counts being nolled.
 {¶ 3} It is from this sentence that appellant appeals and advances one assignment of error for our review.
 I. {¶ 4} In his sole assignment of error, appellant argues that "the trial court erred and defendant was prejudiced by imposition of consecutive and maximum sentences in contravention of R.C.2929.14." We disagree.
 {¶ 5} There is no question in this case that the state and appellant
 {¶ 6} reached an agreement on the sentence to be imposed. Appellant's counsel stated at the plea hearing:
{¶ 7} "It is Mr. Sherman's desire to respectfully request ofthis honorable court that he be allowed to withdraw hispreviously entered pleas of not guilty and enter pleas of guiltyto involuntary manslaughter and aggravated burglary with anagreed sentence of 20 years. He would be doing so knowingly,intelligently, and voluntarily. He has been totally andcompletely advised of all his constitutional rights, and thepossible penalties thereof. He indicates he understands hisrights and further waives them, thus not exercising them in thiscase. No one has promised or induced him to change his plea toguilty."
 {¶ 8} The trial court then asked, "[d]o you understand the charges that were brought against you and what the plea bargain is you reached with the state today?" Appellant responded, "Yes, ma'am." Also, the court asked, "[y]ou're agreeing to go to prison for 10 years for count 3, 10 years for count 4, and facing 20 years as they would be running consecutively. Do you understand that?" Appellant again responded, "Yes, ma'am." The court followed up, "[i]s that what you want to do?" Appellant responded, "Yes, ma'am."
 {¶ 9} Additionally, after the state detailed the circumstances of the victim's death, the court asked appellant if there was anything he wanted to say or if there was anyone to speak on his behalf. Only counsel for appellant spoke, stating, "[y]our honor, we would just ask the court to impose the agreed sentence. We have nothing further on that."
 {¶ 10} The Ohio Revised Code is clear, "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." R.C. 2953.08(D). State v. McCladdie,
Cuyahoga App. No. 81387, 2003-Ohio-1726; State v. Kimbrough
(Mar. 2, 2000), Cuyahoga App. Nos. 75642, 75643 and 75644; Statev. Sattiewhite, Cuyahoga App. No. 79365, 2002-Ohio-332. "A sentence is authorized by law under R.C. 2953.08(D) as long as the prison term imposed does not exceed the maximum term proscribed by the statute for the offense." McCladdie, supra.
 {¶ 11} In the case sub judice, it is clear that the sentence imposed is authorized by law. The maximum term proscribed for first-degree felonies is ten years, which is the period of time the court imposed. Thus, the sentence equaled the maximum; it did not exceed the maximum. It is equally clear from the record, as stated above, that appellant freely entered into the agreed sentence. Appellant's sentence is not subject to review.
 {¶ 12} Accordingly, appellant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J., and Rocco, J., Concur.