{¶ 1} The appellant, Jose A. La Torres, appeals from the trial court's denial of his motion to withdraw his guilty plea and the imposition of consecutive sentences. After review of the record, briefs, and arguments, and for the reasons set forth below, we affirm in part and reverse and remand in part.
 {¶ 2} On October 18, 2005, appellant was indicted on two counts of rape of a child under the age of ten, with force and causing serious physical harm, in violation of R.C. 2907.02(A) (1 )(b), felonies of the first degree carrying a penalty of life without parole if convicted on each of the furthermore clauses; and on two counts of kidnapping with sexual motivation specifications, in violation of R.C. 2905.01(A)(1), felonies of the first degree carrying a potential penalty of three to ten years in prison.
 {¶ 3} This indictment stemmed from appellant's repeated sexual abuse of his own daughter between January 1, 2004 thru May 26, 2004. S.L.,[1] the minor victim, stated that appellant had inserted his penis into her mouth and anus on numerous occasions. S.L., born February 14, 1999, was between the age of four and five years old at the time of the sexual assaults.
 {¶ 4} On February 22, 2006, as the result of a plea agreement, appellant withdrew his initial plea of not guilty and pleaded guilty to the two counts of rape without the furthermore clauses and one count of kidnapping. Appellant agreed to a *Page 4 
sentence of 22 years in prison without early release. After conducting a Crim.R. 11 colloquy, the trial court accepted appellant's pleas and scheduled a sentencing and an H.B. 180 hearing for March 29, 2006.
 {¶ 5} Before the hearings, appellant retained new counsel, and on March 6, 2006, he filed a motion to withdraw his guilty pleas. After hearing on the motion, the trial court denied the motion.
 {¶ 6} On April 6, 2006, the trial court conducted hearings on appellant's sexual predator classification and sentence. Appellant was found to be a sexual predator, in accordance with R.C. 2950.09. He was sentenced to ten years on each of his rape convictions and three years on his kidnapping conviction, with the sentences to be run consecutively, for a total sentence of 23 years in prison.
 {¶ 7} Appellant appeals and asserts two assignments of error.
 {¶ 8} "I. The trial court erred by abusing its discretion in denying appellant, Jose A. La Torres', motion to withdraw [his] guilty plea prior to sentencing."
 {¶ 9} Appellant claims the trial court erred in denying his motion to withdraw his guilty pleas prior to the imposition of sentence. We disagree.
 {¶ 10} A motion to withdraw a guilty plea prior to sentencing is to be freely allowed and treated with liberality. State v. Peterseim (1980),68 Ohio App.2d 211, 214, 22 Ohio Op.3d 341, 428 N.E.2d 863, citingBarker v. United States (C.A. 10, 1978), 579 F.2d 1219, 1223; State v.Crayton, Cuyahoga App. No. 81257, 2003-Ohio-4663. The decision to grant or deny such a motion is within the sound *Page 5 
discretion of the trial court. A defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. State v. Xie
(1992), 62 Ohio St.3d 521, 584 N.E.2d 715. To constitute an abuse of discretion, the ruling must be more than legal error; it must be unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 50 OBR 481, 450 N.E.2d 1140.
 {¶ 11} The factors to be considered in determining whether the trial court abused its discretion in denying a motion to withdraw plea are: (1) the competency of the accused's counsel; (2) whether the accused was offered a Crim.R. 11 hearing before entering his plea; (3) whether the accused is given a complete and impartial hearing on the motion to withdraw; and (4) whether the court gave full and fair consideration to the plea withdrawal request. State v. Peterseim, supra, at 214.
 {¶ 12} Appellant specifically argues that the trial court applied the incorrect legal standard in reviewing his motion and did not conduct a complete and impartial hearing. He also argues that the trial court demonstrated a predisposition to deny his motion and failed to afford full and fair consideration to the motion to withdraw. We find no merit in these arguments.
 {¶ 13} On April 3, 2006, the trial court held an extensive hearing on appellant's motion to withdraw his guilty pleas. Appellants' attorney at the time he entered his guilty pleas testified at the hearing, and it is clear from the record that appellant was represented by competent counsel. Counsel had been a practicing trial attorney for a number of years and had served as counsel in several similar cases. Appellant *Page 6 
also received a full and satisfactory Crim.R. 11 hearing at the time he entered his guilty pleas. The trial court made appellant aware of his constitutional rights as well the charges against him and the penalties he faced. Appellant informed the court that he understood all that was explained and that he was entering his guilty pleas voluntarily, knowingly, and intelligently.
 {¶ 14} The record clearly indicates that appellant was given a complete and impartial hearing and that the trial court gave full and fair consideration to his plea withdrawal request. The trial court gave appellant every opportunity to establish his argument for withdrawing his pleas. We are not persuaded by appellant's argument that the trial court asked questions of his witnesses and that those questions demonstrated the trial court's predisposition to deny his motion. A trial court is permitted to question witnesses (Evid.R. 614(B)), and although some questions asked by the trial court could be viewed as direct, they do not indicate any clear predisposition on the part of the trial court to deny appellant's motion.
 {¶ 15} We find no abuse of discretion in the trial court's denial of appellant's motion to withdraw his guilty pleas, and his first assignment of error is without merit.
 {¶ 16} "II. The trial court violated defendant, Jose A. La Torres', constitutional protection against double jeopardy by convicting him of and by ordering consecutive sentences for rape and kidnapping when these offenses were allied offenses of similar [import] pursuant to R.C. 2941.25." *Page 7 
 {¶ 17} Appellant argues that his constitutional rights were violated by being convicted and sentenced separately for kidnapping in relation to his rape convictions. Appellant cites R.C. 2941.25., which reads in pertinent part:
 {¶ 18} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts of all such offenses, but the defendant may be convicted of only one.
 {¶ 19} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 20} Appellant contends that his kidnapping conviction and his rape convictions were acts of a single animus, so the convictions are allied offenses and he could not be convicted of both. This argument is without merit.
 {¶ 21} "In State v. Logan (1979), 60 Ohio St.2d 126, 397 N.E.2d 1345, the Supreme Court of Ohio established guidelines to determine whether kidnapping and rape are committed with a separate animus so as to permit separate punishment under R.C. 2941.25(B). In Logan the court held that `where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where *Page 8 
the restraint is prolonged, the confinement is secretive, or movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions.' Id. at paragraph (a) of the syllabus. TheLogan court also recognized that where the asportation or restraint `subjects the victim to a substantial increase in risk of harm separate and apart from * * * the underlying crime, there exists a separate animus.' Id. at paragraph (b) of the syllabus." State v. Chambers, Cuyahoga App. No. 87142, 2006-Ohio-5007.
 {¶ 22} Appellant argues that there is insufficient evidence in the record to demonstrate that his kidnapping conviction had a separate animus from his rape convictions; however, he pleaded guilty to two counts of rape and one count of kidnapping. He also agreed to a sentence of 22 years, which could only be imposed if appellant was sentenced on all three convictions and the sentences were run consecutively. The pleas and agreed sentence evidence a concession by appellant that his convictions were justified and that separate animus could be found. SeeState v. Porterfield, 106 Ohio St.3d 5, 2005-Ohio-3095; State v.Sherman, Cuyahoga App. No. 84301, 2004-Ohio-6636. We find no error in appellant's convictions on all three counts or the ordering of the sentences to be run consecutively.
 {¶ 23} We do, however, find error in the trial court sentencing appellant to 23 years in prison. A review of the record indicates that a sentence of 22 years in prison, without the possibility of early release, was agreed to by the parties and the *Page 9 
court when appellant entered his guilty pleas. Such a sentence is authorized by law since appellant faced a potential sentence of 30 years in prison for his convictions. We reverse appellant's sentence and remand the matter for resentencing.
Convictions affirmed, sentence reversed, and cause remanded for resentencing in accordance with this opinion.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., J., and MARY EILEEN KILBANE, J., CONCUR.
[1] The minor victim is referred to herein by her initials in accordance with this court's established policy regarding non-disclosure of identities of juveniles. *Page 1