{¶ 1} Defendant-appellant, Christopher L. Tucker, [1] appeals from the trial court's judgment denying his petition for postconviction relief. Finding merit to the appeal, we reverse and remand.
I. Tucker Convicted of Murder {¶ 2} In the early morning hours of May 22, 2003, East Cleveland police responded to a radio dispatch about a possible gunshot victim at Whatley's Lounge on Euclid Avenue, Cleveland, Ohio. At the scene, police found Timothy Austin's lifeless body on the sidewalk outside the bar. Austin had been shot several times.
 {¶ 3} Tucker was subsequently arrested and indicted for Austin's murder. He was charged with one count of aggravated murder with a firearm specification and one count of having a weapon under a disability. The jury found him guilty of aggravated murder and the firearm specification and Tucker pleaded no contest to the weapon under a disability count. The trial court sentenced him to life in prison on the aggravated murder count, consecutive to three years for the firearm specification and concurrent to six months on the weapon under a disability charge.
II. Conviction Affirmed Because of Eyewitness Testimony {¶ 4} In October 2004, this court affirmed Tucker's conviction on appeal. State v. Tucker, Cuyahoga App. No. 83419, 2004-Ohio-5380. The court found no merit to any of *Page 2 
Tucker's four assignments of error. It held that Tucker's convictions were not against the manifest weight of the evidence because Nikia Beal, who was with Austin at Whatley's just before he was killed, and Joseph Fussell, who was at Whatley's the night of the murder, both testified that Tucker was Austin's assailant. Specifically, the court stated:
 {¶ 5} "Two witnesses identified [Tucker] as the person who killed the victim. Beal testified she knew [Tucker] was the person who shot Austin. She testified [Tucker] had been staring at her inside the bar earlier that evening. She also stated that she had a good look at [Tucker's] face as he shot Austin and then walked to get into a blue Cutlass, which [Tucker] admitted he was driving that night.
 {¶ 6} "Fussell testified he knew [Tucker] from high school. Fussell was certain it was [Tucker] that shot and killed Austin. Fussell also saw [Tucker] walk to a blue Cutlass immediately after." Id. at ¶¶ 143-144.
 {¶ 7} With respect to Tucker's assertion that the trial court erred in admitting the damaging hearsay testimony of one of the police officers who investigated Austin's murder, this court concluded that the erroneous admission of the detective's testimony was harmless error because both Beal's and Fussell's testimony that they were eyewitnesses to Austin's murder was "substantial other evidence to support the guilty verdict." Id. at ¶ 77.
 {¶ 8} Regarding Tucker's argument that the State withheld exculpatory evidence gathered as part of its investigation into Austin's murder, this court found that Tucker "ha[d] not shown that this information would have been exculpatory or material in light of Beal and Fussell's eyewitness testimony." Id. at ¶ 137. *Page 5 
III. Witnesses Recant; Petition for Postconviction Relief Filed {¶ 9} In April 2004, while his appeal was pending, Tucker filed a pro se petition for postconviction relief, and a motion for appointment of counsel. In his petition, Tucker alleged that Nikia Beal told several people after trial that she had not seen who shot Austin, because she panicked when the shooting started and ran away. The State filed a brief opposing Tucker's motion.
 {¶ 10} In August 2004, Tucker filed a pro se Crim. R. 33 motion for a new trial on the basis of newly discovered evidence. Attached to this motion was Joseph Fussell's affidavit, which stated:
 {¶ 11} "My name is Joseph Fussell and I'm writing this letter on the behalf of Christopher Tucker. I['m] writing this letter to tell the truth that what I said I saw last year in May at Whatley's Bar is not what I really saw. I was mistaken[;] it was not Christopher Tucker."
 {¶ 12} In September 2004, after a status conference, the trial court ordered Tucker's appointed counsel to file "an amended, specific" motion for postconviction relief.
 {¶ 13} In November 2004, after this court had affirmed Tucker's conviction on the basis of Beal's and Fussell's eyewitness testimony, Tucker's appointed counsel filed a supplemental petition for postconviction relief and a new trial. Tucker's counsel argued that Tucker should have a new trial because both Beal and Fussell had recanted their testimony identifying Tucker as Austin's assailant. Fussell had admitted his false testimony to Keysha Carter and Keisha Hill and explained that the investigating detective offered to drop a *Page 6 
pending criminal case in exchange for testimony that incriminated Tucker. In addition, Nikia Beal told Sherly Austin after trial that she never saw the shooting or the shooter as she fled the scene, but the police pressured her into testifying against Tucker.
IV. Judge Who Presided At Trial Orders Evidentiary Hearing {¶ 14} On January 4, 2005, after another conference with counsel, Judge John P. O'Donnell, who presided over Tucker's trial, ordered that "the issues raised by the defendant in his postconviction motions (pro se and through counsel) are deserving of a full evidentiary hearing" and set the hearing for February 25, 2005.
V. New Judge Vacates Prior Order and Denies Petition forPostconviction Relief. {¶ 15} Judge Eileen T. Gallagher assumed Judge O'Donnell's docket in early January 2005. On January 13, 2005, the State filed with Judge Gallagher a motion for reconsideration of Judge O'Donnell's order granting an evidentiary hearing and a motion for continuance of the hearing.
 {¶ 16} Eleven months later, in December 2005, Tucker filed a pro se motion to proceed to judgment and/or for an evidentiary hearing regarding his petition for postconviction relief.
 {¶ 17} Finally, on March 31, 2006, Judge Gallagher granted the State's motion for reconsideration and vacated Judge O'Donnell's order granting an evidentiary hearing. She ruled that Tucker's petition for postconviction relief and motion for new trial were untimely. She further ruled that "[t]his court finds that defendant's new evidence would not change the outcome of trial had it been admitted. The transcript of trial clearly indicates that defendant *Page 7 
was convicted based upon the evidence of two eyewitnesses, Nakia Beem [sic] and Joseph Fussell." (The recanting witnesses.)
 {¶ 18} This court subsequently denied Tucker's pro se motion for leave to file a delayed appeal and dismissed his appeal. State v. Tucker (July 6, 2006), Cuyahoga App. No. 88254.
VI. A New Witness Comes Forward; Second Petition for PostconvictionRelief And Motion for New Trial Denied {¶ 19} On August 2, 2007, Tucker, pro se, filed another petition for postconviction relief and/or motion for new trial pursuant to Crim. R. 33, seeking a new trial or, at minimum, an evidentiary hearing on the basis of newly discovered evidence. Tucker attached the affidavit of D.R.[2] to his petition. D.R. averred that although she did not know Tucker or his family, after seeing a flyer in early 2007 regarding Tucker's case, she recalled that she had been in Whatley's Lounge on the night of the shooting. She further averred that she knew Tucker was inside the bar at the time of the shooting, because she had just spoken with him when they heard shots outside the bar.
 {¶ 20} On November 2, 2007, the State filed its brief in opposition to Tucker's petition.[3] Two weeks later, the trial court dismissed Tucker's petition. The trial court ruled *Page 8 
that Tucker had "failed to demonstrate adequate grounds upon which relief can be granted." Additionally, the court ruled that Tucker "cannot demonstrate an adequate excuse for the delay in filing the petition or establish a credible claim that no reasonable factfinder would have found him guilty, but for the new evidence defendant attaches to his petition." Tucker appeals from this judgment.
 {¶ 21} In his first assignment of error, Tucker argues that the trial court abused its discretion in denying his petition for postconviction relief and/or motion for new trial. In his second assignment of error, Tucker argues that the trial court erred in vacating Judge O'Donnell's order for an evidentiary hearing.
VII. Legal Analysis
A. Standards for Reviewing Petitions for PostConviction Relief {¶ 22} R.C. 2953.21 through 2953.23 set forth the means by which a convicted defendant may seek to have the trial court's judgment or sentence vacated or set aside. Postconviction relief allows a petitioner to make a collateral civil attack on his criminal conviction by filing a petition to set aside the judgment. The statute affords relief from judgment where the petitioner's rights in the proceedings that resulted in his conviction were denied to such an extent the conviction is rendered void or voidable under the Ohio or United States Constitutions. R.C. 2953.21(A); State v. Perry (1967), 10 Ohio St.2d 175, paragraph four of the syllabus. *Page 9 
 {¶ 23} A hearing is not automatically required on every petition.State v. Stedman, 8th Dist. No. 83531, 2004-Ohio-3298,¶ 24. The pivotal question is whether, upon consideration of the petition, all the files and records pertaining to the underlying proceedings, and any supporting evidence, the petitioner has set forth "sufficient operative facts to establish substantive grounds for relief." State v. Calhoun, 86 Ohio St.3d 279, 1999-Ohio-102, paragraph two of the syllabus. If the petition and the files and records show that the petitioner is not entitled to relief, the court may dismiss the petition without an evidentiary hearing. R.C. 2953.21(C). If the trial court dismisses the petition, it must make and file findings of fact and conclusions of law.[4]
 {¶ 24} Where a petitioner offers evidence outside the record to support his claim, the evidence must be competent, relevant, and more than marginally significant, and "must advance the petitioner's claim beyond mere hypothesis and a desire for further discovery." State v.Coleman (Mar. 17, 1993), 1st Dist. No. C-900811.
 {¶ 25} The Ohio Supreme Court has held that a trial court should consider all relevant factors when assessing the credibility of the affidavits submitted in postconviction proceedings. Calhoun, supra at 285. Those factors include whether the judge reviewing the postconviction petition presided over the trial, whether the affidavits contain identical *Page 10 
language or appear to have been drafted by the same person, whether the affidavits contain or rely on hearsay, whether the affiants are relatives of the petitioner or interested in the petitioner's success, and whether the affidavits contradict evidence proffered by the defense at trial or are inconsistent with or contradicted by the petitioner's trial testimony. Id. A trial court that discounts the credibility of sworn affidavits must include an explanation of its basis for doing so in its findings of fact and conclusions of law to afford meaningful appellate review. Calhoun, supra at 285.[5]
 {¶ 26} We review a trial court's decision on a petition for postconviction relief for an abuse of discretion. State v. White, 8th Dist. No. 90544, 2008-Ohio-4228, ¶ 19, citingCalhoun, supra. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
B. The Trial Court Should Have Granted a Hearing on the Petition {¶ 27} The petition at issue in this appeal is Tucker's second petition for postconviction relief. Under R.C. 2953.23(A), a trial court's ability to review successive postconviction petitions filed pursuant to R.C. 2953.21 is limited. A trial court may not entertain a second or successive petitions for postconviction relief unless the petitioner shows either that he was unavoidably prevented from discovering the facts upon which his claim for relief is based, or that the United States Supreme Court has, since the expiration of the period *Page 11 
for timely filing, recognized a new federal or state right that applies retroactively to the petitioner. A petitioner must also demonstrate by clear and convincing evidence that a reasonable factfinder would not have found him guilty of the offense for which he was convicted but for the constitutional error at trial. A trial court has no jurisdiction to determine the merits of a successive petition unless the prerequisites set forth in R.C. 2953.23 apply. State v. Muldrew, 8th
Dist. No. 85661, 2005-Ohio-5000, ¶ 16.
 {¶ 28} The trial court found that Tucker had not demonstrated an adequate excuse for his delay in filing the petition and that a reasonable factfinder would not have found him guilty despite D.R.'s testimony. Presumably the court dismissed Tucker's petition for lack of jurisdiction under R.C. 2953.23, although the trial court's entry states that it "denied" the petition. Whether denied or dismissed, the trial court abused its discretion in not granting a hearing on Tucker's petition.
 {¶ 29} First, a reasonable factfinder could have found Tucker not guilty of murder if D.R. had testified at trial that Tucker was inside the bar at the time of the shootings. The State argues that "[t]here is no basis to conclude-years after the fact-that the witnesses who identified [Tucker] the night of the shooting were wrong, and that [D.R.'s] account is more credible" than those witnesses. The reason is apparent, however: the two eyewitness who testified against Tucker at trial, and upon whose testimony this court relied in affirming Tucker's conviction, have arguably recanted their testimony. Further, the judge who presided over Tucker's trial, heard the testimony of the two eyewitnesses, and then reviewed the evidence regarding their recanted testimony, concluded that the evidence was credible *Page 12 
enough to warrant a hearing, despite the well accepted maxim that a witness's attempt to recant testimony is inherently suspect. Taylor v.Ross (1948), 150 Ohio St. 448, paragraph three of the syllabus. Despite the State's argument to the contrary, we find this sufficient "corroboration [and] context" of D.R.'s affidavit to "meet a bare standard of cogency to ask for a new trial."
 {¶ 30} The trial court gave no reason for discounting the credibility of D.R.'s affidavit, even though the factors set forth by the Ohio Supreme Court for evaluating the credibility of affidavits submitted in support of petitions for postconviction relief indicate that D.R.'s affidavit is sufficiently credible to warrant a hearing. First and foremost, the judge reviewing D.R.'s affidavit was not the same judge who presided at trial, so she had no opportunity to evaluate D.R.'s affidavit in the context of other trial testimony. Additionally, D.R.' s affidavit is not similar in any way to Fussell' s affidavit and, in fact, offers information that supports Fussell's affidavit recanting his alleged eyewitness testimony, i.e., that Tucker was in the bar when the shooting occurred. D.R.'s affidavit also does not appear to have been drafted by the same person who drafted Fussell's affidavit and does not rely on hearsay. Also, D.R. claims she does not know Tucker or his family, and denies any suggestion that she has some interest in the success of Tucker's petition. Further, her affidavit is not inconsistent with defense testimony at trial: Tucker, Lehendro Hill, and Stefan King (friends of Tucker who were with him at Whatley's that night), all testified that they were in the bar when they heard shots outside. *Page 13 
 {¶ 31} As the Ohio Supreme Court observed in Calhoun, "a trial court should give due deference to affidavits sworn under oath and filed in support of the petition." Id. at 284. "Affidavits therefore enjoy a presumption of credibility, which may be rebutted only when the applicable factors in Calhoun strongly support a contrary holding. That is not the case here." State v. Thrasher, 2nd Dist. No. 06CA0069, 2007-Ohio-674, ¶ 31.
 {¶ 32} "Calhoun is concerned with manufactured grounds for relief involving propositions which the record shows are lacking in foundation. The court is not then required to proceed beyond the fact of the affidavits offered in support of the grounds for relief alleged, and may reject the affidavits and dismiss the petition. However,Calhoun does not authorize that result because the court intuits that the affiants are not worthy of belief. Instead, the court must proceed to determine whether substantive grounds for relief are objectively shown, and if they are to hold a hearing." Thrasher at ¶ 32.
 {¶ 33} D.R.'s affidavit is competent, credible and obviously "more than marginally significant," as it casts serious doubt about the validity of Tucker's conviction. In light of D.R.'s affidavit, which supports Fussell's affidavit recanting his testimony and upon which the original trial judge ordered an evidentiary hearing, we find that the trial court abused its discretion in finding that Tucker had not demonstrated adequate grounds for postconviction relief and dismissing his petition without an evidentiary hearing.
 {¶ 34} The trial court also abused its discretion in finding that Tucker did not demonstrate an adequate excuse for the delay in filing his second petition. We find no support for the State's assertion that Tucker knew or should have known about D.R. at the *Page 14 
time of trial. D.R. described only a very brief verbal exchange with Tucker in the bar on the night of the shooting. Tucker had already walked away from her when D.R. heard shots outside the bar and when she went outside, she saw Tucker getting into a car to leave. D.R. did not know Tucker or his family, and was never contacted by law enforcement about the shooting. On these facts, we cannot conclude that Tucker knew or should have known about D.R. before she contacted the public defender's office in 2007.
 {¶ 35} Tucker's petition raises a serious due process claim that needs resolution by hearing. Because the trial court abused its discretion in dismissing his petition without an evidentiary hearing, Tucker's first assignment of error is sustained.
 {¶ 36} Although not raised as an assignment of error, we note further that because Tucker's allegations warrant an evidentiary hearing, the trial court erred in denying Tucker's motion for appointment of counsel. A petitioner is entitled to representation by a public defender if the issues raised in a petition for postconviction relief have arguable merit to warrant an evidentiary hearing. State v. Crowder (1991),60 Ohio St.3d 151.
 {¶ 37} Tucker's second assignment of error asserts that Judge Gallagher abused her discretion in vacating Judge O'Donnell's order granting an evidentiary hearing on his first petition for postconviction relief. Although we might agree, this assignment of error is barred by the doctrine of res judicata, because Tucker appealed the trial court's ruling and his appeal was subsequently dismissed. Therefore, it is overruled.
Reversed and remanded.
 It is ordered that appellant recover from appellee costs herein taxed. *Page 15 
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. McMONAGLE, PRESIDING JUDGE
PATRICIA A. BLACKMON, J., and MARY J. BOYLE, J., CONCUR
[1] Tucker filed his notice of appeal and brief pro se. Subsequently, Tucker retained counsel to represent him at oral argument.
[2] In her affidavit, D.R. asked that her name be kept under seal because she feared retribution by the shooter. Although her affidavit was not filed under seal, we refer to D. R. by her initials to protect her identity.
[3] Under R.C. 2953.21(D), the State must respond to a petition for postconviction relief within ten days after the petition is filed, or obtain leave of court to file an untimely response. See, also, State v.Slagter (Oct. 18, 2001), Cuyahoga App. No. 78658, citing State v.Wiles (1998), 126 Ohio App.3d 71, 77. The State's response was clearly untimely, and the docket reflects that the State did not seek leave to file its untimely response.
[4] Trial courts are required to issue findings of fact and conclusions of law only in regard to petitions that are filed pursuant to R.C. 2953.21(A)(2). State ex rel. Reynolds v. Basinger,99 Ohio St.3d 303, 2003-Ohio-3631, ¶ 6. As discussed in Section VII. B., Tucker's petition was filed pursuant to R.C. 2953.23. Trial courts have no duty to issue findings of fact and conclusions of law on second and successive petitions for postconviction relief filed pursuant to R.C. 2953.23. Id. at ¶ 7. Nevertheless, the trial court's journal entry provides the court's rationale for denying Tucker's petition.
[5] The trial judge provided no such explanation in this case. *Page 1