[Cite as *State v. Sherman*, 2011-Ohio-1810.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 95716**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CORNELL SHERMAN

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-432637

**BEFORE:** Jones, P.J., Cooney, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** April 14, 2011

**FOR APPELLANT**

Cornell Sherman, Pro se
Inmate #452-521
R.I.C.I.
P.O. Box 8107
Mansfield, Ohio 44901


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY: T. Allan Regas
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113


LARRY A. JONES, P.J.:

{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.

{¶ 2} Defendant-appellant, Cornell Sherman, appeals from the trial court's judgment denying his motion to vacate his guilty plea. We affirm.

## I. Procedural History

**{¶ 3}** In 2003, Sherman was indicted on charges of aggravated murder, murder, aggravated burglary, felonious assault, and kidnapping. That same year, Sherman pleaded guilty to amended Count 3, involuntary manslaughter, and Count 4, aggravated burglary. The remaining charges were nolled. The trial court sentenced Sherman to an agreed sentence of 20 years. Sherman appealed his sentence, but it was upheld on appeal. *State v. Sherman*, Cuyahoga App. No. 84301, 2004-Ohio-6636.

**{¶ 4}** In 2007, Sherman filed a motion to withdraw his guilty plea. The trial court denied the motion. No appeal was taken. In 2010, Sherman filed another motion to withdraw his guilty plea, which was again denied. Sherman now appeals from the judgment denying his second motion to withdraw his guilty plea and assigns the following errors for our review:

> "[I.] The trial court prejudiced defendant/appellant when it failed to inform him of his constitutionally guaranteed right against self-incrimination.
>
> "[II.] The trial court prejudiced defendant when it failed to inform defendant he had a right to face his accusers.
>
> "[III.] The trial court prejudiced defendant when it failed to inform him of his constitutional right to compulsory process to present his own evidence at trial or a bench trial."

## II. Law and Analysis

**{¶ 5}** Sherman's claims are barred by the doctrine of res judicata. Under that doctrine, claims that were raised or could have been raised on direct appeal are precluded from later being raised. *State v. Davis*, 119 Ohio St.3d 422, 2008-Ohio-4608, 894 N.E.2d 1221, ¶ 6. This court has held that the doctrine of res judicata bars all claims raised in a Crim.R. 32.1 motion for withdrawal of guilty plea that were raised or could have been raised in a prior proceeding, including a direct appeal. See, e.g., *State v. Fountain*, Cuyahoga App. Nos. 92772 and 92874, 2010-Ohio-1202, ¶ 9; *State v. McGee*, Cuyahoga App. No. 91638, 2009-Ohio-3374, ¶9; *State v. Pickens*, Cuyahoga App. No. 91924, 2009-Ohio-1791, ¶5. A petition for postconviction relief may defeat the res judicata bar only if its claims are based upon evidence outside the record. *State v. Cole* (1982), 2 Ohio St.3d 112, 113-114, 443 N.E.2d 169.

**{¶ 6}** Sherman's second motion to withdraw his guilty plea was based on the following allegations that the trial court failed to: (1) execute a written jury waiver prior to accepting his plea; (2) properly inform him of the right to compulsory process; (3) properly inform him of his right against self-incrimination; and (4) properly inform him of his right to face his accusers. All of these grounds upon which Sherman sought vacation of his plea were based upon information in the record at the time of the direct appeal — there was no need to supplement the record with outside information, and in fact, Sherman did not. Thus, his claims were barred by res judicata.

{¶ 7}   Notwithstanding the above, review of the record demonstrates that the trial court complied with Crim.R. 11 in accepting Sherman's plea.   In order for a plea to be given knowingly and voluntarily, the trial court must follow the mandates of Crim.R. 11(C).   If a defendant's guilty plea is not voluntary and knowing, it has been obtained in violation of due process and is void.   *Boykin v. Alabama* (1969), 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274.

{¶ 8}   Sherman's allegations of the trial court's noncompliance with Crim.R. 11 related to constitutional requirements.   A trial court must strictly comply with Crim.R. 11 as it pertains to the waiver of federal constitutional rights.   *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, syllabus.   These include (1) the right to a jury trial; (2) the right to confront one's accusers; (3) the right to compulsory process to obtain witnesses; (4) the right to require the state to prove guilt beyond a reasonable doubt; and (5) the privilege against compulsory self-incrimination.   Id.

{¶ 9}   The trial court strictly complied in advising Sherman of his constitutional rights, and Sherman indicated that he understood.[1]   We are not persuaded by Sherman's argument that the trial court did not strictly comply with Crim.R. 11 because in advising him of his right against self-incrimination it did not advise him that he had the "right not to be forced to testify against himself."

_____

[1]Sherman did not file the transcript of the plea proceedings as part of the record on appeal,

{¶ 10} Crim.R. 11(C)(2)(c) provides that before accepting a plea, a trial court must inform a defendant that he has a right to a "trial at which the defendant cannot be compelled to testify against himself or herself." The trial court advised Sherman of his right against self-incrimination as follows: "if we went to trial you'd have the right to remain silent and not testify and no one could comment on the fact that you did not testify."

{¶ 11} Although a trial court must strictly comply with the mandates of Crim.R. 11 with respect to constitutional rights, that does not mean that the rule's exact language must be followed. *State v. Freed,* Cuyahoga App. No. 90720, 2008-Ohio-5742, ¶37. The Ohio Supreme Court has recognized that literal compliance with the wording of Crim.R. 11(C)(2) is not required and that the focus upon review is whether the record shows the trial court explained the right "in a manner reasonably intelligible to that defendant." *State v. Ballard* (1981), 66 Ohio St.2d 473, 480, 423 N.E.2d 115.

{¶ 12} The "right to remain silent" has been described as a "term of art synonymous with the Fifth Amendment privilege against self-incrimination." *State v. Henderson,* Montgomery App. No. 21425, 2006-Ohio-6306, ¶7. The trial court's advisement here was done so "in a manner reasonably intelligible" to Sherman and amounted to strict compliance.[2] *Ballard* at id.

ostensibly because the transcript was an exhibit to Sherman's second motion to withdraw his plea.

[2]See *State v. Flynn*, Cuyahoga App. No. 93588, 2010-Ohio-3191; *State v. Ortiz*, Cuyahoga App. No. 91626, 2009-Ohio-2877; *State v. Bassett*, Cuyahoga App. No. 90887, 2008-Ohio-5597, ¶20;

**{¶ 13}** In regard to Sherman's contention that his plea should have been vacated because he did not execute a jury waiver form prior to the court accepting his plea, "[i]t is well established that the entry of a plea of guilty by an accused constitutes a waiver of a jury trial." *McAuley v. Maxwell* (1963), 174 Ohio St. 567, 568, 190 N.E.2d 922. Therefore, because a guilty plea obviates the necessity of a trial, there is no need for a defendant to execute a jury waiver form prior to entering a plea.

**{¶ 14}** In light of the above, Sherman's three assignments of error are overruled and the trial court's judgment is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

LARRY A. JONES, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., CONCURS;
COLLEEN CONWAY COONEY, J., CONCURS
IN JUDGMENT ONLY

---

*State v. Ip*, Cuyahoga App. No. 86243, 2006-Ohio-2303.