[Cite as *State v. Tucker*, 2011-Ohio-4092.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 95556

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CHRISTOPHER TUCKER

DEFENDANT-APPELLANT

---

### JUDGMENT:
### AFFIRMED; REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-437731

**BEFORE:** Celebrezze, J., Stewart, P.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:** August 18, 2011

**ATTORNEYS FOR APPELLANT**

Robert Tobik
Cuyahoga County Public Defender
BY:    Erika B. Cunliffe
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:    Katherine Mullin
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

{¶ 1}  Appellant, Christopher Tucker, seeks a new trial or, at the very least, a hearing on his motions for postconviction relief and new trial.  After a thorough review of the record and law, we affirm the decision of the trial court.

{¶ 2}  The history of this case has previously been recited by this court in *State v. Tucker*, Cuyahoga App. No. 83419, 2004-Ohio-5380 ("*Tucker I*"), and *State v. Tucker*, Cuyahoga App. No. 90799, 2008-Ohio-5746 ("*Tucker III*").

Appellant was convicted of aggravated murder for the shooting death of Timothy Austin outside of Whatley's Lounge in Cleveland, Ohio.

{¶ 3} After his first unsuccessful appeal in *Tucker I*, appellant filed a postconviction relief petition on April 24, 2004. He argued that his counsel was ineffective, that witness Nikia Beal had told people that she could not identify appellant as Austin's killer, and that the trial judge had a bias against him.

{¶ 4} Appellant also filed a motion for a new trial on August 2, 2004. He argued that a new trial was warranted based on newly discovered evidence, namely, the recantation of eyewitness Joseph Fussell. Appellant attached an affidavit purportedly from Fussell stating, "what I said I saw last year in May at Whatley's Bar is not what I really saw. I was mistaken it was not Christopher Tucker."

{¶ 5} The trial judge granted appellant a hearing regarding Fussell's recantation only, but was then replaced due to a lost election. The state filed a motion for reconsideration with the successor judge, which was granted on March 31, 2006.[1] The trial court found that the postconviction relief petition was untimely and that the recantation of one witness when two witnesses

---

[1] The trial judge's actions are not prohibited. This was an interlocutory order not subject to the law of the case doctrine and a proper issue for a timely filed motion for reconsideration. See *Pitts v. Ohio Dept. of Transp.* (1981), 67 Ohio St.2d 378, 423 N.E.2d 1105, fn.1; *Tablack v. Wellman*, Mahoning App. No. 04-MA-218, 2006- Ohio-4688, ¶39-40.

identified appellant as the killer was insufficient to grant a new trial. This order, however, did not direct the clerk to serve the parties, and the clerk of courts did not note the date of service on the docket.

{¶ 6} On June 2, 2006, appellant sought leave to file a delayed appeal, arguing that he did not receive service of the trial court's journal entry denying his motions until April 18, 2006. This court, without opinion, denied appellant's request and dismissed his appeal. *State v. Tucker* (July 6, 2006), Cuyahoga App. No. 88254 ("*Tucker II*").

{¶ 7} Appellant then filed a new petition for postconviction relief and a motion for new trial on August 2, 2007. He brought forth a new affidavit from D.R.[2] who claimed appellant was inside the bar at the time of the shooting. These motions were denied without hearing. In *Tucker III*, appellant appealed the denial of these motions and attempted to argue that the trial court's denial of his first set of motions was improper. This court agreed that the trial court should have held a hearing on the second motions and ordered that such a hearing take place, but also held that appellant's attempt to appeal the denial of his first motions was barred by res judicata.

{¶ 8} The hearing mandated by this court in 2008 has not yet occurred. Shortly before the hearing was set to commence, appellant filed an appeal

---

[2] This witness asked to not be publicly identified, so in accordance with these wishes, we identify the witness by initials.

from the March 31, 2006 judgment entry denying his first motions. The state sought dismissal of the instant appeal, claiming it was untimely. However, due to deficiencies in the trial court's order and docket, we must conclude that the appeal is timely.

## Law and Analysis

### Timeliness of the Appeal

{¶ 9} The state argues that the instant appeal was filed over 1500 days out of rule. Generally, a party has 30 days from the date of a final, appealable order to perfect an appeal. App.R. 4(A). However, the Ohio Supreme Court has recognized that the right to an appeal is a property interest that must be protected and afforded due process. *Atkinson v. Grumman Ohio Corp.* (1988), 37 Ohio St.3d 80, 523 N.E.2d 851. As such, Civ.R. 58 was enacted in Ohio to preserve the appellate rights of individuals. This is a bright-line rule establishing that if the clerk of courts properly perfects service within three days of the issuance of the judgment, then parties have 30 days to file a notice of appeal no matter if service is actually received. However, if service is not perfected as outlined in Civ.R. 58, then the period for filing an appeal is tolled according to App.R. 4(A). This rule states, "[a] party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on

the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure."

{¶ 10} Here, the trial court did not direct the clerk to serve notice upon the parties. The clerk also failed to note the date of any notice sent. Accordingly, because service was not perfected in accordance with Civ.R. 58, the time for filing an appeal never began to run, and the instant appeal is timely.

{¶ 11} The state argues that res judicata bars the instant appeal because appellant filed a motion for a delayed appeal, which this court denied. However, appellant had no need to file for a delayed appeal, and we decline to give our prior determination denying leave to appeal the effect of precluding all litigation from the trial court's order.

{¶ 12} The state also argues that appellant received actual notice as indicated by his June 6, 2006 motion for leave to file a delayed appeal. The memorandum appellant attached to this motion indicates that he "did not receive [the judgment entry] until April 18, 2006 at least 20 days after the ruling." Even though appellant acknowledges that he received the journal entry, the Third District has indicated that actual notice does not matter when the clerk fails to perfect service pursuant to Civ.R. 58. *Whitehall ex rel. Fennessy v. Bambi Motel, Inc.* (1998), 131 Ohio App.3d 734, 741, 723 N.E.2d 633.

{¶ 13} While at least one other Ohio appellate district has found that affirmative evidence in the record that a party received the order is sufficient to start the 30-day period, *Flynn v. Gen. Motors Corp.*, 7th Dist. No. 02 CO 71, 2004-Ohio-392, that decision is contrary to the holding of cases in this district. See *In re L.B.*, Cuyahoga App. Nos. 79370 and 79942, 2002-Ohio-3767; *In re A.A.*, Cuyahoga App. No. 85002, 2005-Ohio-2618. Accord *Steel v. Lewellen* (May 16, 1996), 5th Dist. Nos. 95 CA 53 and 95 CA 54; *In re Fennell* (Jan. 23, 2002), 4th Dist. No. 01CA45; and *Welsh v. Tarentelli* (1992), 76 Ohio App.3d 831, 603 N.E.2d 399.[3] Perhaps adoption of a rule similar to Loc.R. 3(D)(2) in the Eleventh District would be wise. See *Consol. Invest. Corp. v. Olive & The Grape*, Lake App. No. 2009-L-165, 2010-Ohio-1275, ¶6 ("In the filing of a Notice of Appeal in civil cases in which the trial court clerk has not complied with Ohio Civ.R. 58(B), and the Notice of Appeal is deemed to be filed out of rule, appellant shall attach an affidavit from the trial court clerk stating that service was not perfected pursuant to Ohio App.R. 4(A). The clerk shall then perfect service and furnish this Court with a copy of the appearance docket in which date of service has been noted. Lack of compliance shall result in the sua sponte dismissal of the appeal

---

[3] This court has applied Civ.R. 58 and App.R. 4 to postconviction relief petitions. *State v. Harris*, Cuyahoga App. No. 94186, 2010-Ohio-3617, citing *In re Anderson*, 92 Ohio St.3d 63, 67, 2001-Ohio-131, 748 N.E.2d 67.

under Ohio App.R. 4(A).").   In the absence of such a rule, this court is bound by prior precedent.

**{¶ 14}** While the state has affirmatively shown that appellant received a copy of the journal entry before 30 days from the date of the decision from which he is now appealing, the law in this district holds that actual notice is insufficient given the clear dictates of Civ.R. 58.   Therefore, we must conclude that this appeal was timely filed.

## Denial of Postconviction Relief Petition

**{¶ 15}** Appellant assigns only one error, but it addresses the dismissal of two motions, a postconviction relief petition and a motion for a new trial. Appellant asserts that "[t]he trial court violated [his] state and federal Constitutional rights when it summarily dismissed" these motions.

**{¶ 16}** According to the postconviction relief statute, a criminal defendant seeking to challenge his conviction through a petition for postconviction relief is not automatically entitled to a hearing.  *State v. Cole* (1982), 2 Ohio St.3d 112, 443 N.E.2d 169.   Before granting an evidentiary hearing on the petition, the trial court shall determine *whether there are substantive grounds for relief* (R.C. 2953.21(C)), i.e., whether there are grounds to believe that "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio

Constitution or the Constitution of the United States." (Emphasis added.) R.C. 2953.21(A)(1).

{¶ 17} In the interest of judicial economy and efficiency, it is not unreasonable to require the defendant to show in his petition for postconviction relief that such errors resulted in prejudice before a hearing is scheduled. See *State v. Jackson* (1980), 64 Ohio St.2d 107, 112, 413 N.E.2d 819. Therefore, before a hearing is granted, "the petitioner bears the initial burden to submit evidentiary documents containing *sufficient operative facts* * * *." (Emphasis added.) Id. at syllabus. Where a petitioner fails to carry this burden, the trial court does not abuse its discretion in denying the petition without a hearing.

{¶ 18} The Ohio Supreme Court, in *State v. Calhoun*, 86 Ohio St.3d 279, 1999-Ohio-102, 714 N.E.2d 905, stated: "[A] trial court should give due deference to affidavits sworn to under oath and filed in support of the petition, but may, in the sound exercise of discretion, judge their credibility in determining whether to accept the affidavits as true statements of fact. To hold otherwise would require a hearing for every postconviction relief petition." Id. at 284. "'[I]f we would allow any open-ended allegation or conclusory statement concerning competency of counsel without a further showing of prejudice to the defendant to automatically mandate a hearing,

division (D) of R.C. 2953.21 would be effectively negated and useless.'" Id., quoting *Jackson*, 64 Ohio St.2d at 112.

{¶ 19} Appellant's petition contained three bases for relief. First, it alleged that a witness at trial, Nikia Beal, had told others that she could not identify appellant as Austin's killer. However, appellant attached no affidavits from Beal or others who allegedly heard Beal state this. This claim is not sufficient to necessitate a hearing because it is wholly unsupported.[4]

{¶ 20} Appellant also raises issues of ineffective assistance of counsel. He argues that counsel did not call alibi witnesses that appellant requested. However, appellant previously raised the same issue of ineffective assistance in *Tucker I*. Therefore, this claim is barred by res judicata. *State v. Sherman*, Cuyahoga App. No. 95716, 2011-Ohio-1810, ¶5. Even if it were not, appellant's attorney called two alibi witnesses who testified that appellant was with them inside the bar at the time of the shooting. No prejudice, a required element for an ineffective assistance claim, can be shown here. *State v. Hamilton*, Cuyahoga App. No. 86520, 2006-Ohio-1949,

---

[4] In a supplemental motion, appellant also argues that Joseph Fussell recanted his testimony. Appellant initially raised this issue in his motion for a new trial and attached an affidavit purportedly from Fussell to that motion. This argument is addressed below in the denial of the motion for a new trial.

¶50. Therefore, the trial court was not required to hold a hearing on this aspect of appellant's petition in order to overrule it.

{¶ 21} Finally, appellant argues that the trial judge was biased against him. He states that during a conversation in chambers between the judge, defense counsel, and the state, the judge said, "'[h]ow will the appeal courts know if I was wrong in this decision.'" Appellant argues that "[d]iscussion about Appeal Court procedures in the middle of trial shows prejudice toward defendant and shows his guilt was in the eye of the courts before verdict [sic] was even given." This evidence, the only evidence attached to appellant's petition, does not even begin to establish an apparent bias.[5]

{¶ 22} Appellant's petition for postconviction relief was unsupported by any affidavit, provided implausible arguments, and could have been denied without a hearing. It was not an abuse of discretion for the trial court to so rule.

{¶ 23} The state also argues that appellant's petition was untimely given that it was filed 10 days after the 180-day period established in R.C. 2953.21. However, R.C. 2953.23 provides for review of petitions filed outside of this time frame should a petitioner demonstrate: (a) that the petitioner was

---

[5] "R.C. 2701.03 provides the exclusive means by which a litigant may claim that a common pleas court judge is biased and prejudiced. * * * If [the defendant] believed the trial judge should be removed from his case due to bias or prejudice against him, his exclusive remedy was to file an affidavit of disqualification pursuant to R.C. 2701.03." *State v. Cody*, Cuyahoga App. No. 95753, 2011-Ohio-2289, ¶16-17.

unavoidably prevented from discovering the facts supporting the petition, and (b) the petitioner demonstrates by clear and convincing evidence that no reasonable fact finder would have found the petitioner guilty. R.C. 2953.23(A)(1)(a) and (b). While appellant has sufficiently demonstrated that he was unavoidably detained from discovering the alleged recantation of witnesses at trial, the other grounds for relief were known at the conclusion of appellant's trial and are untimely.

**{¶ 24}** Appellant also failed to demonstrate that a reasonable fact finder would have found him not guilty because he failed to attach any supporting evidence that Beal testified untruthfully. Therefore, appellant's postconviction relief petition was untimely because he failed to satisfy the second condition in R.C. 2953.23(A)(1). The trial court was not wrong in so finding.

## Denial of Motion for New Trial

**{¶ 25}** Appellant also argues that the denial of his motion for a new trial was improper without the benefit of a hearing. A motion for a new trial is governed by Crim.R. 33, and the decision to grant or deny such a motion is within the sound discretion of the trial judge. *State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128, 767 N.E.2d 166, ¶82.

**{¶ 26}** A trial court may grant a motion for a new trial based on newly discovered evidence when such evidence is material and "could not with

reasonable diligence have [been] discovered and produced at the trial." Crim.R. 33(A)(6). In order to warrant a new trial based on newly discovered evidence, the defendant must show "that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence." *State v. Petro* (1947), 148 Ohio St. 505, 76 N.E.2d 370, at the syllabus.

**{¶ 27}** The first prong of the *Petro* test requires appellant to show that the newly discovered evidence gives rise to a strong probability that he would be acquitted. Appellant advances Fussell's affidavit to support this position. This would provide sufficient grounds to demonstrate a strong probability of a different outcome but for the trial testimony of Beal. There were two eye witnesses who testified that appellant shot and killed Austin.[6] Prior to the court ruling on his motion, appellant provided no evidence, other than his own unsworn statement, that Beal recanted. Yet, he argued repeatedly that both witnesses recanted their testimony. Because, at the time the trial court made its determination, appellant had provided no evidence that Beal

---

[6] The trial court referenced this fact in ruling on the motion and found that appellant had not met the factors set forth in the *Petro* test.

recanted her testimony, the trial court could properly conclude that appellant failed to meet the first prong of the *Petro* test.

{¶ 28} The trial court also found this motion was untimely. Crim.R. 33(B) establishes a 120-day filing period following the verdict. However, a party may seek leave to file a motion outside of this period, but is required to show by clear and convincing evidence that the party was unavoidably prevented from discovering the basis for the motion within the 120-day period.

{¶ 29} Here appellant did not seek leave to file his motion for a new trial. He otherwise failed to satisfy these requirements in his motion, and the trial court could properly determine that the motion was untimely. While the recantation of a witness may serve as the basis for a motion for a new trial based on newly discovered evidence, appellant failed to seek leave to file such a motion.

## Conclusion

{¶ 30} The trial court did not abuse its discretion in denying appellant's petition for postconviction relief and motion for new trial without a hearing where appellant failed to support those motions with adequate evidence necessitating a hearing. The trial court should now, after many years, conduct the hearing ordered by this court in *Tucker III*.

**{¶ 31}** Judgement affirmed; case remanded to the lower court for further proceedings consistent with *State v. Tucker*, Cuyahoga App. No. 90799, 2008-Ohio-5746.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

MELODY J. STEWART, P.J., and
JAMES J. SWEENEY, J., CONCUR